FRANCES HOSIERY MILLS, INC. v. BURLINGTON
INDUSTRIES, INC.

No. 7315SC727

(Filed 14 November 1973)

1. **Constitutional Law § 26; Judgments § 39; Uniform Commercial Code § 13— proposal for addition to contract — arbitration clause — foreign judgment — full faith and credit**

     Where plaintiff ordered yarn from defendant by telephone and defendant sent to plaintiff for each yarn shipment "yarn contracts" containing a provision for arbitration of disputes in New York, but plaintiff did not read or sign any of the "yarn contracts," the arbitration clause was a proposal for addition to the contracts entered by telephone within the meaning of G.S. 25-2-207(2)(b); therefore, where the jury in plaintiff's action in this State to recover damages from use of defective yarn found that the arbitration clause materially altered the terms of the telephone contracts and thus did not become a part of them, a New York judgment affirming an arbitration award entered in that state in favor of defendant is not entitled to full faith and credit in plaintiff's action in this State since the New York court had no jurisdiction of the subject matter.

2. **Uniform Commercial Code § 13— statute of frauds — confirmation of contract**

     Where plaintiff ordered yarn from defendant by telephone, "yarn contracts" sent by defendant to plaintiff for each shipment of yarn did not meet the criterion of "confirmation of the contract" set forth in the statute of frauds provision of the Uniform Commercial Code, G.S. 25-2-201(2), where they served not only to confirm the oral telephone contracts but also attempted to attach additional terms to the agreements.

APPEAL by defendant from *Martin (Robert), Judge,* 21 May 1973 Session of Superior Court held in ALAMANCE County.

This is a civil action commenced by Frances Hosiery Mills, Inc. (Frances Hosiery), against Burlington Industries, Inc. (Burlington), based upon allegations that plaintiff was damaged by using defective yarn which was purchased by it from the Burlington Throwing Company Division of Burlington Industries, Inc.

The following facts are uncontroverted: On or about the first of June, 1967, plaintiff, through its Secretary-Treasurer, Frances Kimrey, commenced purchasing yarn by telephone from Burlington Throwing Company Division of Burlington Industries, Inc., through an office of the defendant in High Point, North Carolina. Eleven shipments were delivered by defendant

to plaintiff as agreed and were used and paid for by the plaintiff.

Specifically, on 3, 15, and 17 January and 1 March 1968, the plaintiff ordered certain yarn by telephone from the Burlington Throwing Company Division of Burlington Industries, Inc. On or about 25 January 1968, or within a week thereafter, plaintiff alleged it discovered certain defects in panty hose produced with defendant's yarn, the subject of the orders of 3, 15 and 17 January 1968. Plaintiff notified defendant of the alleged defects and stopped payment for the yarn received. Defendant had its technical people confer with the plaintiff with respect to those complaints but the parties could not agree on the cause of the difficulties.

As the yarn was shipped to the plaintiff by defendant, written invoices were issued for each shipment by defendant's New York office and duly received by the plaintiff. Yarn for which payment was not made was specifically ordered on 3, 15, and 17 of January 1968 and 1 March 1968, and is evidenced by invoices, defendant's Exhibits H-1 through H-8, which the plaintiff duly received. The specifications of yarn ordered by telephone were met, and no objection to any of the invoices was made by the plaintiff at the time of delivery.

Upon receipt of each order, defendant also issued from its New York office a "yarn contract" which contained much of the same information set forth on the invoice. Each yarn contract contained statements on its face that "the yarns as described below are ordered at the price and upon conditions of sale below and on the back of this contract" and "the buyer must sign and return a copy of this contract." On the back of each yarn contract was set forth provisions for arbitration of differences between the seller and the buyer, arbitration to be had in the State of New York. The yarn contract also contained a provision at the bottom "a copy to be signed and returned to seller within five days" followed by a line for the buyer's name and a line for the signature of the buyer's representative. Plaintiff at no time signed either of the yarn contracts.

The parties were unable to adjust their differences and in July, 1968, Burlington gave notice of and requested arbitration as provided in the alleged agreement between the parties as set forth in the yarn contracts, defendant's Exhibits A, B, C, and D.

Notice of the arbitration hearing was duly served upon plaintiff and its counsel by registered mail on 16 July 1968. On 30 September 1968 plaintiff filed a "Notice and Objection" to the arbitration proceedings. On 24 February 1969 plaintiff, through its counsel, filed a motion in the arbitration proceeding stating that at no time and under no circumstances had plaintiff agreed to arbitrate any dispute in the State of New York. On 25 February 1969, plaintiff instituted the present action.

On 2 April 1969 an unanimous arbitration award was made in favor of defendant, and plaintiff was directed to pay to defendant the sum of $6,365.75. Thereafter, on 11 April 1969, defendant filed a notice of application to confirm the arbitrator's award with the Supreme Court in the State of New York. Service was made on plaintiff and its counsel on 14 April 1969. Thereafter, the matter came on for hearing before the court in New York on 28 April 1969 and the award of the arbitrators was affirmed.

Defendant, answering the complaint filed in this action pleaded as a third defense the judgment of the Supreme Court of New York in bar of the plaintiff's right to maintain this action and as a counterclaim alleged and set forth the New York judgment and prayed that it have and recover $6,979.23 upon the same, together with interest and costs until paid.

Pursuant to defendant's motion under 1A-1, Rule 42(b), Rules of Civil Procedure, the trial court ordered that defendant's third defense (plea in bar) be tried as a separate issue prior to any further proceedings in this matter.

At trial the defendant, in support of its plea in bar, offered into evidence the judgment of the Supreme Court of New York (Exhibit K-1) and the "yarn contracts" (Exhibits A, B, C, and D).

Plaintiff offered evidence tending to show the following: Plaintiff had placed seventeen orders with defendant over the period covering 7 December 1967 to 21 March 1968. Several orders had been received and paid for; however, upon discovering certain defects in the panty hose produced with the 3, 15, and 17 January 1968 shipments of defendant's yarn, the plaintiff refused to make further payments.

Each of plaintiff's telephone orders placed with the Burlington Throwing Company Division of defendant encompassed

an agreement by both parties as to the weight, date of delivery, and price per pound of the yarn ordered. Furthermore, plaintiff's evidence revealed that invoices and "yarn contracts" (defendant's Exhibits A, B, C, and D) were received for each of the shipments of yarn; however, plaintiff, through its Secretary-Treasurer, Frances Kimrey, stated that at no time during telephone conversations was there any mention of the possibility that the parties would arbitrate any differences in the State of New York, nor did plaintiff read the print on any of the "yarn contracts" or sign any of the "yarn contracts."

Upon completion of the presentation of evidence by both parties, the following issues were submitted to and answered by the jury as indicated:

"1. Did the defendant's acceptance or confirmation of the plaintiff's offer contain additional or different terms than orally agreed upon?

ANSWER: Yes.

2. If so, did such additional or different terms materially alter the contracts?

ANSWER: Yes."

From a judgment entered on the verdict, defendant appealed.

*Latham, Pickard, Cooper and Ennis by Thomas D. Cooper, Jr., for plaintiff appellee.*

*Sanders, Holt & Spencer by W. Clary Holt, James C. Spencer, Jr., and Frank A. Longest, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] The crux of this appeal is the effect to be given the judgment of the Supreme Court of New York affirming the arbitration award entered in favor of defendant. Defendant has offered this judgment as a plea in bar to the proceedings instituted by plaintiff and asserts that defendant's New York judgment is entitled to full faith and credit as provided in Article IV, Section 1, of the Constitution of the United States. In order for this contention to prevail, it is a necessary prerequisite that the defendant establish proper jurisdiction of the New York court over the controversy.

"Jurisdiction is the power of the court to decide a case on its merits and presupposes the existence of a duly constituted court with control over the subject matter and the parties." 2 Strong, N. C. Index 2d, Courts, § 2, p. 429. Assuming *arguendo* that the State of New York could successfully claim jurisdiction over the person of plaintiff, subject matter jurisdiction must still exist before the judgment of the Supreme Court of New York will be afforded *res judicata* effect. Defendant's claim of New York's jurisdiction over this subject matter is dependent upon the arbitration clause which appears in the written matter designated "yarn contract" (defendant's Exhibits A, B, C, and D). Dissecting the transactions between plaintiff and defendant, the determination is made that the arbitration clause was not a part of the original contract between plaintiff and defendant but rather was an additional term "proposed" by defendant. The impact of such an additional term is governed by G.S. 25-2-207(2)(b) of the Uniform Commercial Code which provides:

> "The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless they materially alter it."

The course taken by the trial court in submitting to the jury the matter of whether the arbitration clause (contained in the "yarn contract") was a material alteration of the terms of the contract was proper, and we are bound by the jury's determination that the clause did materially alter the terms of the contract and thus did not become a part of the agreement between the parties. Therefore, since jurisdiction of the State of New York is bottomed upon the applicability of the arbitration clause, the judgment of the Supreme Court of New York is not a bar to plaintiff's cause of action.

[2] Next, defendant contends by assignments of error 8, 9, 10, 11, 13, and 15, based upon exceptions duly noted to the charge, that the trial court committed error in its instructions to the jury. This argument is in part repetitive of defendant's first assertion which we have already discussed, nevertheless, we deem it necessary to commit on defendant's reliance upon G.S. 25-2-201(2) (the Statute of Frauds provision) of the Uniform Commercial Code. G.S. 25-2-201(2) reads as follows:

> "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the

sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received."

Even though defendant satisfies most of the requirements of G.S. 25-2-201(2), it fails to meet the criterion of "confirmation of the contract." Defendant's "yarn contracts" serve not only to confirm the oral telephone contracts between the parties but also attempt to attach additional terms to the agreement. To allow these additional terms under the guise of "confirmation of the contract" would render G.S. 25-2-207(2) of the Uniform Commercial Code meaningless. See, White and Summers, Uniform Commercial Code, Section 2-3, pp. 46-48; Davenport, How To Handle Sale Of Goods: The Problem of Conflicting Purchase Orders and Acceptances and New Concepts in Contract Law, 19 Bus. Law 75, 82 (1963-64). Thus, this contention is overruled.

Defendant also assigns as error both the trial court's definition of "material" and the failure of the court to define "merchant." Whatever inaccuracy might have been present in the particular definition of "material" which defendant assigns as error was certainly corrected by the court's extensive discussion of the meaning of the word "material." Furthermore, a definition of "merchant" was unnecessary as the parties had stipulated that they were both merchants, and the trial court instructed the jury in its charge that the plaintiff and defendant were merchants. Explanation of the term "merchant" would have been mere surplusage.

We have carefully reviewed defendant's other assignments of error including those relating to the admission and exclusion of testimony and find them to be without merit. In the trial of the issues in the Superior Court we find no prejudicial error.

No error.

Judges BRITT and MORRIS concur.