**VALMONT INDUSTRIES, INC., a corporation, Plaintiff,**

v.

**MITSUI & CO. (U.S.A.), INC., a corporation, Defendant.**

No. Civ. 76–0–22.

United States District Court, D. Nebraska.

Sept. 23, 1976.

McGrath, North, Dwyer, O'Leary & Martin, Omaha, Neb., for plaintiff.

Eisenstatt, Higgins, Kinnamon, Okun & Stern, Omaha, Neb., for defendant.

MEMORANDUM OPINION

SCHATZ, District Judge.

This matter comes on for determination with reference to defendant's motion to stay these court proceedings pending arbi-

tration between the parties [1] (Filing No. 4). A hearing was held on July 7, 1976, and the respective briefs of the parties are before the Court.

Plaintiff, Valmont Industries, Inc., entered into negotiations with defendant, Mitsui and Company, for the purchase of certain high-strength cable. As a result of these negotiations, plaintiff sent to the defendant a purchase order for various types of cables, including a quantity of 9/16 inch cable which is the subject of this dispute. The purchase order did not contain an arbitration clause. In response thereto, a confirmation of the sale was returned by the defendant to the plaintiff.[2] Attached to the confirmation were certain terms and conditions including a provision that any disputes between the parties should be resolved by arbitration.

12. Any controversy or claim arising out of or relating to This Contract, or the breach thereof, shall be settled by arbitration in the City and State of New York, in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. A demand for arbitration must be made in writing by the buyer with the claim for damages within thirty (30) days after delivery, or from the date of arrival of the steamer; however, the seller may institute the demand for arbitration at any time.

The defendant subsequently shipped the 9/16 inch cable to plaintiff and upon receipt thereof, plaintiff instituted the instant action for breach of alleged warranties and for non-conforming goods under the contract. The defendant has moved to stay this action pending arbitration in accordance with the terms of its confirmation.

This situation presents a classic example of the "battle of the forms." *See generally,* J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code,* §§ 1–2 (1972). The arbitration provision in the defendant's confirmation was a new and additional term from those of the plaintiff's purchase order. Both parties agree that Section 207(2) of the Uniform Commercial Code (U.C.C.) is controlling. That section provides:

> The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> a) the offer expressly limits acceptance to the terms of the offer;
>
> b) they materially alter it; or
>
> c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

Since the plaintiff's purchase order did not expressly limit acceptance to the terms of the offer pursuant to Subsection (a), and plaintiff did not give any notification of objection pursuant to Subsection (c), the determinative issue herein is whether the addition of the arbitration provision in defendant's confirmation materially altered the terms of the plaintiff's purchase order. The U.C.C. does not define what constitutes material alteration, and although Comments 4 and 5 provide examples of terms which would and would not materially alter a contract, an arbitration clause is listed under neither. Comment 4 does indicate,

---

1. Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, provides:

    If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for stay is not in default in proceeding with such arbitration.

2. Although there is some confusion concerning the actual dates of the written documents in question, the parties agree that defendant's confirmation was in response to plaintiff's purchase order. This is also clearly apparent from the documents themselves.

however, that "typical clauses which would normally 'materially alter' the contract * * * result in surprise or hardship if incorporated without express awareness by the other party * * *." (Emphasis added.)

"[T]he question of material alteration necessarily rests on the facts of each case." *Dorton v. Collins and Aikman Corp.,* 453 F.2d 1161, 1169 n. 8 (6th Cir. 1972). *Accord Medical Development Corp. v. Industrial Molding Corp.,* 479 F.2d 345, 348 (10th Cir. 1973); *In Matter of Arbitration Between John Thallon & Co., Inc., and M & N Meat Co.,* 396 F.Supp. 1239 (E.D.N.Y.1975); *American Parts Co. v. American Arbitration Association,* 8 Mich.App. 156, 171, 154 N.W.2d 5, 14 (1967).[3]

Given the limited facts before the Court at this time, the Court concludes that defendant's motion to stay these proceedings pending arbitration should be denied. At the hearing held on this matter, counsel were aware of no prior transactions or dealings between the parties. Moreover, the plaintiff did not acknowledge defendant's confirmation, nor did plaintiff at any time otherwise manifest its consent to the arbitration provision. Under these circumstances and without any evidence of trade custom to the contrary, the Court finds the arbitration clause, and the correlative forfeiture by plaintiff of its right to trial by jury in the courts, "alter[ed] the original bargain" and involved an "element of unreasonable surprise." U.C.C. § 2–207 Comments 3 and 5. *See Frances Hosiery Mills, Inc. v. Burlington Industries, Inc., supra.*

As noted above, however, the facts surrounding the transaction in question have not yet been fully developed by the parties. If further discovery reveals new matters relevant to this inquiry, the Court will reconsider the defendant's motion to stay.

A separate order is entered this day in accordance with this memorandum opinion.

---

**3.** *But see Frances Hosiery Mills, Inc. v. Burlington Industires, Inc.,* 285 N.C. 344, 204 S.E.2d 834 (1974), and *Matter of Doughboy Industries, Inc. and Pantasote Co.,* 17 A.D.2d 216, 233 N.Y.2d 488 (1962) [indicating that an arbitration clause contained in seller's form but not in the buyer's form would in itself materially alter a contract under Section 2–207(2)(b).]