In the Matter of arbitration between The
**DUPLAN CORPORATION (DUPLAN
YARN DIVISION), Petitioner,**

v.

**W. B. DAVIS HOSIERY MILLS,
INC., Respondent.**

**No. 76 Civ. 3887.**

United States District Court,
S. D. New York.

Dec. 28, 1977.

commercial arbitration award made in its favor against respondent, Davis Hosiery Mills. Respondent cross moves to dismiss the petition for lack of subject matter jurisdiction. Petitioner's motion is denied; respondent's is granted.

This controversy arises out of a series of six contracts for the purchase of yarn entered into between the parties. Each contract involved an oral agreement followed by a written confirmation. Although arbitration was at no time discussed, each written confirmation of respondent's oral purchase order contained a clause calling for arbitration in New York if a dispute arose between the parties. When respondent refused to pay for certain allegedly defective yarn, petitioner instituted arbitration proceedings. Davis defaulted and an award was subsequently made against it.

The sole question for decision is whether a valid agreement to arbitrate—a prerequisite to jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*—was entered into by the parties to this action. Respondent, Davis Hosiery Mills, claims that it never assented to the arbitration clause which was added by petitioner, Duplan Corporation.

 Section 2 of the Act provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract of transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Duplan contends that because this section evidences a Congressional intent to create a new body of federal substantive law applicable to arbitration, the existence of the arbitration agreement in this case must be determined under federal substantive law. Petitioner's interpretation of § 2 is incorrect. Congress intended only to place arbitration agreements affecting commerce or maritime affairs on the same footing as other contracts, but not to create a federal law of contract formation. See *Prima*

Philip I. N. Alperdt, New York City, for petitioner.

Lefrak, Fischer, Myerson & Mandell, New York City, for respondent; Richard Lipsman, New York City, of counsel.

LASKER, District Judge.

Duplan Corporation, petitioner, moves pursuant to 9 U.S.C. §§ 2 and 9 to confirm a

*Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Trafalgar Shipping Co. v. International Milling Co.,* 401 F.2d 568, 573 (2d Cir. 1968). It is the "scope" rather than the existence of an agreement to arbitrate which is determined by reference to federal law. *Altshul Stern & Co. v. Mitsui Bussan Kaisha, Ltd.,* 385 F.2d 158, 159 n. 1 (2d Cir. 1967); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 409–11 (2d Cir. 1959); *Kulukundis Shipping Co. v. Amtorg Trading Corp.,* 126 F.2d 978 (2d Cir. 1942). The question whether a valid arbitration clause exists involves general contract principles; state law governs the disposition of that question.

The general contract principle implicated here is whether the arbitration clause, which Duplan unilaterally added, became part of the contract between the parties. On this question both sides agree that section 2–207(2)(b) of the Uniform Commercial Code governs. Section 2–207(2)(b) provides that between merchants an additional term added in a written confirmation becomes part of the underlying contract unless it materially alters it. However, "materiality" has been variously construed by different state jurisdictions, and the parties disagree on which jurisdiction's law should be applied. Petitioner urges that New York law should control because it is similar to federal substantive law while respondent contends that the law of North Carolina should be applied. It is clear from the foregoing discussion that state and not federal law is controlling here.

 A federal court sitting in diversity must apply the law of the forum state, including its conflicts of laws rule. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under New York law, the law of the state having the most significant relationship to the matter in controversy governs contract disputes in the absence of an effective choice by the parties.[1] *Auten v. Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954). The facts of the instant case make it clear that the law of North Carolina controls the question of materiality presented here. Petitioner, Duplan, a seller of yarn, is a Delaware corporation but has its principal place of business in North Carolina. Respondent Davis, a knitter of men's hose, is incorporated in Alabama but has factory outlets in North Carolina and Alabama. While it is unclear from the evidence submitted by the parties, it appears that the six telephone orders received by Duplan's Tennessee agent were transmitted by him to Duplan's North Carolina office, and thereafter assigned to Duplan's South Carolina factory from which the written confirmation orders were sent. However that may be, three of the six orders involved shipments to respondent's North Carolina outlet; the other three shipments went to the Alabama outlet. New York's only connection with these transactions, aside from the fact that Duplan has a New York office, is that each written confirmation contained an arbitration clause which provided that arbitration was to take place in that state. That contract is dependent on the validity of the arbitration clause for its relevance and therefore should not be considered in determining which state's law should be applied. Moreover, none of the six orders was received or processed in New York. Of the numerous jurisdictions tangentially connected with this transaction, only North Carolina's contacts are truly significant. Since Duplan has its principal place of business in that state and three of the six contracts were to be performed there, North Carolina clearly has an interest in ensuring that corporations doing business in that state do not avoid the operation of its laws. Finally it is reasonable to conclude

---

1. Section 1–105 of the Uniform Commercial Code permits the parties to agree that the law of a state which "bears a reasonable relation" to the transaction shall govern disputes arising out of that transaction. Each of the confirmation forms involved in this case contains a clause specifying that New York law shall govern all questions of validity, construction and performance. However, because New York had no relationship to the transaction underlying this case, that choice of law provision was ineffective.

that petitioner, whose principal place of business was in North Carolina, would have expected the law of North Carolina to govern when the contract was made.

The controlling case law of North Carolina squarely answers the central issue of this case. In *Frances Hosiery Mills, Inc. v. Burlington Industries Inc.,* 19 N.C.App. 678, 200 S.E.2d 688 (1973), *aff'd,* 285 N.C. 344, 204 S.E.2d 834, 285 N.C. 344 (1974), the court held that where an oral agreement contains no reference to arbitration, invoices sent by the seller which include an arbitration clause materially alter the contract under Section 2–207(2)(b), and therefore the clause does not become part of the contract.

Jurisdiction in this case is predicated on the conjunction between 28 U.S.C. § 1332 and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Since jurisdiction under the Arbitration Act is based on the existence of a valid arbitration agreement, which is lacking in this case, this court lacks subject matter jurisdiction. The petition is therefore dismissed.

It is so ordered.