**UNIVERSAL PLUMBING AND PIPING SUPPLY, INC., t/a and d/b/a Universal Pipe and Manufacturing, Plaintiff,**

v.

**JOHN C. GRIMBERG COMPANY, INC., Defendant.**

Civ. A. No. 84–1534.

United States District Court,
W.D. Pennsylvania.

Oct. 29, 1984.

John H. Bingler, Pittsburgh, Pa., for plaintiff.

Gerald I. Katz, Michael K. Love, Vienna, Va., for defendant.

## MEMORANDUM

McCUNE, District Judge.

We consider a motion to dismiss filed by defendant, John C. Grimberg Co., Inc., (hereinafter Grimberg), a Maryland corporation with its principal place of business in Maryland. Plaintiff, Universal Plumbing and Supply, Inc. (hereinafter Universal), a Delaware corporation with its principal place of business in Pennsylvania, filed this suit in order to resolve a contract dispute. Jurisdiction is based upon diversity of citizenship. For the reasons that follow, the motion to dismiss will be denied.

In January, 1982, Grimberg solicited bids and price quotes for pipe to be used in a construction project in Virginia. Universal proposed a lump sum bid price of $92,-505.00. Attached to the offer was "Appendix A" which contained various terms and conditions, one of which is relevant here.

This quotation is subject to your acceptance by a written purchase order within thirty (30) days, and acceptance of your purchase order by Universal Pipe & Manufacturing, .... If your purchase order contains terms or conditions which in any way do not conform to this quotation, such nonconforming terms ... shall be considered as proposals for acceptance by Universal and shall not be deemed as accepted ... unless such acceptance is in writing and specifically refers to each such term or condition.

Grimberg responded with a written purchase order dated February 10, 1982, by which Universal was to supply pipe for the lump sum price of $93,373.00.[1] The bottom of the purchase order states, "See additional terms and conditions on reverse side." One of the terms, relevant herein, states,

### DISPUTES

All conditions, requirements and procedures for settling claims and disputes contained in the prime contract for the project referenced in this Purchase Order are made a part of this Purchase Order and Seller is bound thereby to the same extent as Buyer. In the event there are no specific dispute procedures contained in the prime contract, the procedures of the American Arbitration Association shall apply. Said arbitration proceedings shall be held at such place as the parties may mutually agree upon or, in the event of a failure to agree, shall be held in the District of Columbia.

In its motion to dismiss defendant asserts, based upon the above "Disputes" provision, that the issues raised in Universal's complaint must be submitted to arbitration. In fact, on August 22, 1984, Grimberg filed an arbitration demand with the American Arbitration Association in Washington, D.C. Universal counters that the terms and conditions of Appendix A preclude giving effect to the arbitration clause contained in defendant's purchase order. Plaintiff asserts that its agreement to the arbitration clause, in writing, is required in order to give effect to that provision, and no such agreement has been given.

Both parties agree that this dispute must be resolved in light of 13 Pa. C.S. § 2207, which provides, in pertinent part,

§ 2207. Additional terms in acceptance or confirmation

(a) General rule.—A definite and seasonable expression of acceptance or a written confirmation ... operates an an acceptance even though it states terms additional to or different from those offered or agreed upon. ...

(b) Effect on contract.—The additional terms are to be considered as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(1) the offer expressly limits acceptance to the terms of the offer;

(2) they materially alter it;

Thus, Universal's position is based upon 13 Pa. C.S. § 2207(b)(1).

We agree with Universal, notwithstanding Grimberg's assertion that the language of Appendix A, quoted above, lacks the requisite "clarity and finalty" found to exist in *Reliance Steel Products Co. v. Kentucky Electric Steel Co.*, 35 U.C.C. Rep. Serv. 1430 (E.D.Pa.1983). The language in Reliance Steel Products Co.'s purchase order, which the court found effected an express limitation on acceptance restricted to the terms of that purchase order, stated, in pertinent part, "No terms or conditions, other than those contained in the purchase order and no agreement or understanding in any way modifying or changing the terms and conditions hereof shall be binding on the Purchaser unless made in writing by the Purchaser...." *Id.*, at 1432 n. 4.

■ Although the pertinent language in Appendix A in the present case varies from

---

**1.** A change order was entered into for additional piping January 19, 1983.

that in *Reliance Steel,* its import is clear. We believe it effectively restricts acceptance to its terms. *See also Lockheed Electronics Co., Inc.,* 114 Cal.App.3d 304, 170 Cal.Rptr. 591, 30 U.C.C. Rep.Serv. 827 (1981); *In re Waterlilly Juniors, Inc.,* 19 U.C.C. Rep.Serv. 86 (N.Y.Sup.Ct.1976).

 However, our disposition of defendant's motion need not rest on the above basis alone. Section 2207(b)(2) of 13 Pa. C.S. states that additional terms become part of a contract unless they materially alter it. Clearly, the arbitration clause is an additional term, and we believe it is a material alteration.

In *Just Born, Inc. v. Stein Hall & Co., Inc.,* 59 D. & C. 2d 407 (1971), the plaintiff's purchase order was silent as to the method of settling disputes, but the defendant's acknowledgment included an arbitration clause. The court held that applying 12 A P.S. § 2–207 (the forerunner of 13 Pa. C.S. § 2207) to the case, a contract had clearly been formed, and the arbitration clause in the acknowledgment form was an additional term. Relying upon a 1945 case, *Scholler Bros., Inc. v. Hagen Corp.,* 158 Pa. Super 170, 44 A.2d 321 (1945), the common pleas court held that in Pennsylvania an arbitration agreement cannot be found by implication, and the parties intent to submit to arbitration must be clear.

The *Just Born* court also found that Pennsylvania's policy regarding arbitration agreements is similar to that of New York. Thus, it relied upon *Application of Doughboy Industries,* 17 App.Div.2d 216, 233 N.Y.S.2d 488 (1962) and its progeny, which held that an arbitration clause is a material term requiring assent of both parties. In *Doughboy* the court ruled that an arbitration clause contained in the seller's form but not in the buyer's form was a material alteration under the U.C.C. and therefore did not become part of the contract. Other courts have held that an arbitration clause is a material alteration requiring the parties' assent. *Supak & Sons Mfg. Co., Inc. v. Pervel Industries, Inc.,* 593 F.2d 135 (4th Cir. 1979); *Valmont Industries v. Mitsui & Co., (U.S.A.), Inc.,* 419 F.Supp. 1238

(D.Neb.1976); *John Thallon & Co., Inc. v. M & N Meat Co.,* 396 F.Supp. 1239 (E.D.N.Y.1975). *See also Par-Knit Mills, Inc. v. Stockbridge Fabrics,* 636 F.2d 51, 54 n. 6 (3d Cir. 1980); Travalio, *Clearing the Air After the Battle: Reconciling Fairness and Efficiency in a Formal Approach to U.C.C. Section 2–207,* 33 Case W.Res.L. Rev. 327, 334 (1983) ("Whether the arbitration provision becomes part of the contract depends upon its materiality. As courts in most jurisdictions would consider such a term material, it probably would not become part of the contract.") (footnote omitted).

 In conclusion, we note that Grimberg's reference to 9 U.S.C. § 2, which provides for the validity and enforcement of arbitration clauses in contracts evidencing transactions in interstate commerce, is irrelevant. That statute does not apply until an arbitration clause is determined to be part of a contract. "Section 2 dictates the effect of a contractually agreed-upon arbitration provision, but it does not displace state law on the general principles governing formation of the contract itself." *Supak & Sons Mfg. Co., Inc. v. Pervel Industries, Inc., supra,* at 137, citing *Duplan Corp. v. W.B. Davis Hosiery Mills, Inc.,* 442 F.Supp. 86 (S.D.N.Y.1977).