983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brian M. RODDICK, individually and as representative of all
individual subscribers to an alleged policy of insurance
HA781490; Indemnity Marine Assurance Company, LTD; Phoenix
Assurance PLC; Commercial Union Assurance Company PLC; La
Reunion Francaise Soc. Anon D'Assurances Et De Reassurances;
Yorkshire Insurance Co. LTD.; Threadneedle Insurance Co.
LTD.; Northern Assurance Co. LTD; English & American
Insurance Co. LTD.; Lombard Continental Insurance PLC;
Hansa Marine Insurance Co. LTD.; Polaris Assurance A/S,
Plaintiffs-Appellants,
v.
MARSH & MCLENNAN, INCORPORATED, Defendant-Appellee.
 No. 92-1725.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 2, 1992
Decided: January 6, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-91-771-N)
 ARGUED: John Maynard Woods, Thacher, Proffitt & Wood, New York, New York, for Appellants.
 Philip Norton Davey, Davey Associates, P.C., Norfolk, Virginia, for Appellee.
 ON BRIEF: Ann K. Sullivan, Crenshaw, Ware & Martin, Norfolk, Virginia, for Appellants.
 E.D.Va.
 Affirmed.
 Before PHILLIPS and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiffs, a group of insurance underwriters (Underwriters), brought this action to compel Marsh & McLennan, Incorporated, an insurance brokerage company, to arbitrate. The district court granted summary judgment in favor of Marsh & McLennan, finding that Underwriters had failed to raise a genuine issue of material fact concerning the existence of an arbitration agreement and that Marsh & McLennan were entitled to judgment as a matter of law. We affirm.
 
 I.
 
 2
 A dispute arose between Underwriters and Marsh & McLennan concerning which party was liable under insurance contracts to a third-party insured. In order to prevent increased damages to the insured while liability was being determined, they agreed, in principle, to fund repairs for the insured's property equally and to arbitrate the issue of liability. A letter memorializing their negotiations provided:
 
 
 3
 This will confirm our oral communications to you yesterday afternoon and this morning that Marsh & McLennan has reached an agreement in principle with underwriters to pay for damages to floating drydock Number 5.... Marsh & McLennan and underwriters have agreed in principle to fund the repairs on a 50/50 basis and then submit all disputes between them to arbitration. We expect that the details of the agreement in principle will be worked out shortly.
 
 
 4
 The parties then began negotiations to finalize the terms of arbitration. However, negotiations ended when the parties were unable to reach an agreement on particular terms. Counsel for Underwriters wrote to opposing counsel acknowledging the parties' failure to come to an understanding:
 
 
 5
 I regret that our clients are unable to reach agreement as to the terms of an acceptable arbitration agreement. Since there is no agreement to arbitrate, the concerned underwriters consider that they are now free to pursue all of their rights and remedies as against Marsh & McLennan, and any other party, through litigation.
 
 
 6
 Despite this clear acknowledgment that the parties had never reached an agreement to arbitrate, Underwriters brought an action seeking a declaration that a valid, enforceable arbitration agreement existed and an order compelling arbitration. In its complaint, Underwriters stated that "the parties were unable to agree upon all terms of a final arbitration agreement," but maintained that the parties' agreement in principle to arbitrate was binding.
 
 
 7
 Marsh & McLennan moved for summary judgment. The magistrate judge recommended granting the motion, and the district court adopted this recommendation. Underwriters appeal, contending that a valid arbitration agreement exists and that Marsh & McLennan should be compelled to arbitrate.
 
 II.
 
 8
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists, foreclosing summary judgment, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We review de novo the grant of summary judgment by a district court. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 112 S. Ct. 1172 (1992).
 
 
 9
 Federal courts may not order parties to submit to arbitration in the absence of a valid arbitration agreement. See AT & T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 648-49 (1986); 9 U.S.C.A. § 4 (West 1970) (providing that before a federal court may order arbitration it must be "satisfied that the making of the agreement for arbitration ... is not in issue."). The question of whether a valid arbitration agreement has been formed is governed by state law. See Supak & Sons Mfg. Co. v. Pervel Indus., Inc., 593 F.2d 135, 137 (4th Cir. 1979). Because the events giving rise to this action occurred in Virginia, we apply the choice of law rules of Virginia. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Virginia law provides that the validity of a contractual agreement is governed by the law of the state where the contract is made. C.I.T. Corp. v. Guy, 195 S.E. 659, 661 (Va. 1938). The parties agree that all of the negotiations at issue took place in New York and that, as a result, New York law applies.
 
 
 10
 New York law requires that agreements to arbitrate be in writing. McAlley v. Boise-Griffin S.S. Co., 438 N.Y.S.2d 807, 808 (App. Div. 1981) (mem.), appeal dismissed, 427 N.E.2d 1189 (N.Y. 1981). Such "agreement[s] must be clear, explicit, and unequivocal," and evidence must " 'affirmatively establish[ ] that the parties expressly agreed to arbitrate their disputes.' " Waldron v. Goddess, 461 N.E.2d 273, 274 (N.Y. 1984) (quoting Schubtex, Inc. v. Allen Snyder, Inc., 399 N.E.2d 1154, 1156 (N.Y. 1979)). The party seeking to compel arbitration carries the burden of making this showing. See Siegel v. 141 Bowery Corp., 380 N.Y.S.2d 232, 235 (App. Div. 1976).
 
 
 11
 The initial letter memorializing the parties' agreement states that they had agreed "in principle" to arbitrate and that the details of the agreement would be settled later. The dispositive issue before this court, then, is whether Underwriters have presented sufficient evidence to raise an issue of fact concerning whether this agreement in principle was intended by the parties to constitute a binding agreement to arbitrate, rather than an agreement to negotiate toward reaching a binding arbitration agreement. The evidence before the court on this issue is susceptible of only one interpretation. The letter from Underwriters' counsel following the breakdown of negotiations expressly provides that the parties had been "unable to reach agreement as to the terms of an acceptable arbitration agreement." Moreover, the letter continues, "[s]ince there is no agreement to arbitrate, the concerned underwriters consider that they are now free to pursue all of their rights and remedies as against Marsh & McLellan ... through litigation." (Emphasis added.) Underwriters have produced no evidence sufficient to cast doubt concerning their intent, as unambiguously expressed in this letter, that an agreement to arbitrate did not exist until the parties were able to reach a consensus on all of its terms. Accordingly, we conclude that Underwriters have failed to raise a genuine issue of material fact concerning the existence of an agreement to arbitrate and that summary judgment in favor of Marsh & McLennan was proper.
 
 AFFIRMED