**ALTSHUL STERN & CO., Inc.,
Plaintiff-Appellee,**

v.

**MITSUI BUSSAN KAISHA, LTD. and
Mitsui & Co., Ltd., Defendant-
Appellant.**

**No. 60, Docket 31206.**

United States Court of Appeals
Second Circuit.

Argued Oct. 2, 1967.

Decided Nov. 15, 1967.

Clarence Fried, New York City (Richard Wolff and Hawkins, Delafield & Wood, New York City, on the brief), for appellee.

Howard F. Ordman, New York City (Putney, Twombly, Hall & Skidmore, New York City, on the brief), for appellant.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from that portion of an order of the district court which denied appellant's motion under the Federal Arbitration Act, 9 U.S.C. § 3, for a stay of the trial of and all further proceedings in the second cause of action in appellee's complaint pending arbitration. We believe that the order of the district court must be modified.

Plaintiff, a New York garment wholesaler, brought an action against defendant, a Japanese manufacturer, alleging as a first cause of action breach of several contracts to supply vinyl jackets and as a second cause of action a conspiracy with Paul Preston, plaintiff's employee, to destroy plaintiff's business.

In 1962 defendant sought a stay of both causes of action pending arbitration and moved for an order directing plaintiff to proceed with arbitration. The district court granted the stay as to the first cause of action and ordered plaintiff to proceed with arbitration of those contracts which called for arbitration in New York. Arbitration was had with respect to plaintiff's claims on the contracts calling for New York arbitration, but plaintiff never sought arbitration of its claims on other contracts which provided for arbitration in Japan.

In 1966, after learning from interrogatories that plaintiff's cause of action for conspiracy rested largely on the same claims of breach of contract as those alleged in the first cause of action, defendant renewed its motion for a stay of the second cause of action. The motion again was denied, and defendant now appeals.

Plaintiff contends that the order below should be affirmed because its second cause of action is not for breach of contract, but for the tort of conspiracy. It also argues that the contract issues which might arise on the trial of the second cause of action would be merely "incidental" to the conspiracy claim.

The contracts involved each provide that "any dispute or difference arising out of or relating to this contract, or the breach thereof, shall be settled in Japan, under the laws of Japan and in accordance with the rules of procedure of the Japan Commercial Arbitration Association. The award shall be final and binding on both parties."

It is clear from plaintiff's answers to interrogatories that its second cause of action is based in substantial part on claims which arise out of or relate to breach of contract. Thus, plaintiff asserts that defendant made overcharges, failed to deliver ordered goods, intentionally delayed deliveries, failed to accept orders, diverted goods and materials to other customers, caused subcontractors to ship defective goods, and appropriated designs and patterns which had been conveyed to it by plaintiff solely for use on goods manufactured for plaintiff. Only the allegation that defendant induced Preston to violate his employment agreement is on its face unrelated to the contracts.

Plaintiff cannot avoid the broad language of the arbitration clause [1] by casting its complaint in tort. See Almacenes Fernandez, S. A. v. Golodetz, 148 F.2d 625, 628–629, 161 A.L.R. 1420 (2d Cir. 1945). This is not a case in which it is contended that a contract arbitration clause applies to a legal claim wholly independent of the contract, see Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Local Union No. 584, 359 F.2d 598 (2d Cir.), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67

(1966); here plaintiff's claim is based upon breaches of contract.

The presence of some issues in the second cause of action which are not subject to arbitration is no barrier to granting a stay for the purpose of giving defendant its contractual right to have other issues determined by the arbitration process.

Order modified to provide a stay of trial of those matters herein held to be subject to arbitration.

---

[1.] The scope of the parties' arbitration agreement is to be determined according to federal law. Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 409 (2d Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dismissed per stipulation, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).