514 F.2d 614
 Daniel ACEVEDO MALDONADO et al., Plaintiffs-Appellees,
v.
PPG INDUSTRIES, INC., and Insurance Company of North
America, Defendants and Third-Party Plaintiffs-Appellees,
v.
FLUOR WESTERN INC., and Fluor Corporation Limited,
Third-Party Defendants-Appellants.
 No. 74-1280.
 United States Court of Appeals,
First Circuit.
 Argued Feb. 6, 1975.
Decided April 25, 1975.
 
 John A. Perkins, Boston, Mass., with whom Gale Munson and Palmer & Dodge, Boston, Mass., were on brief for appellants.
 Francisco Agrait Oliveras, San Juan, P. R., with whom Agrait, Otero & Oliveras, San Juan, P. R., was on brief for appellees.
 Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.
 LEVIN H. CAMPBELL, Circuit Judge.
 
 
 1
 This is an appeal from the district court's refusal to stay proceedings on a third-party complaint pending arbitration.
 
 
 2
 Residents of a Puerto Rico town brought a diversity negligence action in the district court against PPG Industries, Inc. for injuries suffered from gas escaping from a chlorine manufacturing plant operated by PPG. PPG filed a third-party complaint against Fluor Corporation Limited and Fluor Western, Inc. (hereinafter "Fluor"), which had designed and constructed the plant for PPG. Later Insurance Company of North America, PPG's insurer, intervened as codefendant in the original action and joined in the third-party complaint. While the original third-party complaint alleged causes of action in contract and tort, it was later narrowed by amendment so as to rest on the right of contribution from a joint tortfeasor, proportionate to its negligence in designing and building the plant, for damages that might be awarded against third-party plaintiffs.[1] Third-party defendants Fluor Western and Fluor Limited moved for a stay of proceedings under the third-party complaint pending arbitration, which they assert was called for in PPG's design and construction contracts with them. The district court denied the motion for stay, and third-party defendants now appeal.[2]
 
 
 3
 The contracts at issue are within the coverage of the United States Arbitration Act,[3] and section 3 of the Act requires a federal court in which suit has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration" to stay the court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement. 9 U.S.C. § 3. The question of whether the amended third-party claim here falls within the reach of this particular arbitration clause is thus a matter for the district court to determine initially as a matter of federal law. See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Altshul Stern & Co. v. Mitsui Bussan Kaisha, Ltd., 385 F.2d 158, 159 n. 1 (2nd Cir. 1967).
 
 
 4
 In denying the request for stay, the district court ruled that the contractual requirement to arbitrate had no bearing on the third-party complaint, because the third-party complaint "is based exclusively in extra-contractual obligations arising from Article 1802 of the Civil Code of Puerto Rico and the right of contribution from a joint-tort feasor in view of the decision of the Supreme Court of Puerto Rico in the case of Garcia v. Gobierno de la Capital, 72 PRR 133."[4] The district court may have reasoned that PPG's narrow claim for contribution would involve but two elements: (1) proof that Fluor's designing or building of the plant had involved independent acts of negligence within article 1802 toward the original plaintiffs;[5] and (2) allocation among PPG and Fluor of plaintiffs' recovery against PPG in an amount proportional to the degree of negligence of each. Thus, in theory at least, Fluor's duties contractual or otherwise to PPG would be irrelevant.
 
 
 5
 However, this analysis ignores the scope of the arbitration clause as well as the contracts' possible effect on any right of PPG to contribution from Fluor. The contracts provide for arbitration of "any controversy or claim arising out of or relating to this Agreement or the breach thereof". Broad language of this nature[6] covers contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort, or are couched in terms of the contribution owed by one tortfeasor to another. See generally Altshul, supra ; Crofoot v. Blair Holdings Corp., 119 Cal.App.2d 156, 260 P.2d 156, 170 (1953). Fluor's liability, if any, arises because it was PPG's contractor and designer. See Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625, 628-29 (2d Cir. 1945). Absent the contracts, there would be no occasion for a third-party claim.
 
 
 6
 Moreover, acceptance of PPG's contention that the contracts are irrelevant to any right of contribution requires a highly artificial analysis. It is not likely that Fluor's obligations to PPG will end up turning solely on the degree of its negligence not as to PPG but to the general public. Formal rules of contribution are subject to the understanding and relationships of the parties. Cf. W. Prosser, Law of Torts § 50, at 308 & n. 66. The contracts established and defined PPG's and Fluor's relationship, and it seems inconceivable that one or both parties to the third-party action will not need to refer to them. No assessment of the ultimate burden between PPG and Fluor can realistically be made without reference to the contracts.
 
 
 7
 Thus, on whatever legal basis any future damages stemming from plaintiffs' claims are to be divided, the question of how to effectuate such a division seems to us to be one "arising out of or relating to this Agreement or the breach thereof." Or at least the likelihood seems so substantial as to preclude meaningful third-party proceedings before arbitration takes place.
 
 
 8
 This is not to say that an arbitrator could not determine that certain aspects of PPG's third-party complaint or the defenses raised thereto fall outside the scope of the arbitration clause. The arbitrator must ultimately pass on the outer boundaries of what is arbitrable. But we think that claims for contribution between PPG and Fluor, on whatever legal theory premised, are arbitrable at least until and unless it is otherwise decided by the arbitrator. The stay should have been granted.
 
 
 9
 PPG contends that cases holding that a tort claim may arise out of or relate to a contract are distinguishable because they do not involve third-party actions. This is a distinction without a difference. The district court was asked only to stay proceedings on the third-party action; the original litigation may continue as to liability to plaintiffs, and Fluor may assert defenses which it or PPG may have. See Rule 14, Fed.R.Civ.P.
 
 
 10
 Third-party plaintiffs also argue that it is against public policy to have the third-party complaint proceed independently through arbitration rather than in conjunction with the original action. But Puerto Rico like Congress encourages arbitration of disputes. 32 L.P.R.A. §§ 3201-29; see 9 U.S.C. §§ 1-9. If a claim of right to arbitration could be foreclosed whenever a dispute between the parties to the contract derives from another person's claim against one of the parties, the utility of broad arbitration agreements would be undermined. Cf. Hilti, supra, 392 F.2d at 369. PPG's contracts with Fluor Limited and Fluor Western provided for interpretation and performance of the contracts to be governed by California law, and we find nothing in Puerto Rico public policy that would prevent arbitration under California law. Cf. Hilti, supra, 392 F.2d at 373. Section 3 of the United States Arbitration Act calls for arbitration "in accordance with the terms of the agreement" and presents no obstacle to arbitration outside of Puerto Rico.
 
 
 11
 In a suit by different plaintiffs for damages from chlorine gas leakages from the PPG plant, Caraballo v. Pittsburgh Plate & Glass Co., Civ. No. c 373-431 (P.R.Super.Ct. Jan. 17, 1974), cert. denied (P.R.S.Ct. Feb. 26, 1974), reconsideration denied (March 15, 1974), the Superior Court of Puerto Rico granted a stay of proceedings on a similar third-party complaint pending arbitration under the same contracts and involving the same parties as in this case. Since we reach the same result as a matter of interpretation of the contracts under the United States Arbitration Act, we do not rely on principles of collateral estoppel.
 
 
 12
 Reversed and remanded for proceedings in accordance with this opinion.
 
 
 
 [1]
 The amended complaint provides in part,
 "4. Under Article 1802 of the Civil Code of Puerto Rico third party defendants were legally obligated to design and build a safe and adequate plant without incurring in any act or omission of negligence which might cause harm to third parties.
 
 
 [5]
 Third party defendant Fluor Corporation Limited designed PPG Industries, Inc.'s plant and third party defendant Fluor Western, Inc. built PPG Industries, Inc.'s plant with such defects that they provoked the escape of gas for which plaintiffs are suing
 
 
 [6]
 In the event that third party plaintiffs were held responsible to plaintiffs because of the facts set forth in the complaint and because of not having detected the defects in the plant, then third party defendants would be legally responsible to third party plaintiffs for those damages proportionate to third party defendants' negligence as joint tort feasors on the basis of the dispositions of Article 1802 of the Civil Code of Puerto Rico
 WHEREFORE, defendants respectfully request that in the event that they are sentenced to pay any amount of money to plaintiffs because of the facts set forth in the complaint, then this Court sentence third party defendants to pay third party plaintiffs an amount proportional to their degree of negligence in the case, with costs and reasonable attorney's fees."
 
 
 [2]
 The district court's denial of a stay pending arbitation is an appealable order. Hilti, Inc. v. Oldach, 392 F.2d 368 (1st Cir. 1968)
 
 
 [3]
 Section 2 of the Act, 9 U.S.C. § 2, provides that a written provision for arbitration "in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Here it is clear that the contract, involving the design and construction of a plant in Puerto Rico by two California-domiciled corporations for a Pennsylvania corporation, evidences a transaction in interstate commerce
 
 
 [4]
 Article 1802, 31 L.P.R.A. § 5141, provides,
 "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."
 
 
 [5]
 Fluor is not, of course, a defendant in the original action
 
 
 [6]
 The arbitration clause is not limited to disputes over the terms of the contract or to disputes arising during the performance of the contract