SCHULMAN INVESTMENT
COMPANY, Plaintiff,

v.

OLIN CORPORATION, Defendant and
Third-Party Plaintiff,

v.

HABER & HENRY, INC., Tremco, Inc.,
and Brisk Waterproofing Company,
Inc., Third-Party Defendants.

No. 78 Civ. 176 (CHT).

United States District Court,
S. D. New York.

Oct. 17, 1978.

Willkie Farr & Gallagher, New York City, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Olin Corp.; Howard C. Buschman III, New York City, Judah I. Labovitz, Philadelphia, Pa., of counsel.

William Jarblum, New York City, for Haber & Henry, Inc.

David & Finell, New York City, for Tremco, Inc.; Jack David, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

In this action, third-party defendant Haber & Henry, Inc. ("H & H") moves pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 ("the Act"), for a stay of proceedings against it pending arbitration. In the original diversity suit, Schulman Investment Company ("Schulman"), a New York partnership, sued Olin Corporation ("Olin"), a foreign corporation authorized to do busi-

---

ness in New York, for breach of contract, breach of warranty, and negligence, the controversy growing out of work performed under a building construction subcontract. Olin in turn filed a third-party complaint against three entities to whom it had further subcontracted portions of the construction work: H & H, the movant, Tremco, Inc. ("Tremco"), and Brisk Waterproofing, Inc. ("Brisk"). These three crossclaimed against each other; Tremco, in addition, counterclaimed against Olin and Schulman, and Brisk counterclaimed against Olin. For the reasons given below, the motion for a stay is granted, but only as to Olin's third-party complaint against H & H.

The relevant facts as alleged are simple. In October 1971 Schulman and Olin contracted for Olin to provide labor, services, and materials to be used in building glass curtain walls in connection with a construction project in White Plains, New York. Olin then contracted with third-party defendants H & H, Tremco, and Brisk for the last three to perform work or to supply materials for the building of the walls. Schulman allegedly found the work defective and reported the defects to Olin. After the latter's attempts to remedy the

problems were, as alleged, inadequate, Schulman sued Olin, and the litigation eventually assumed its current form.

H & H now moves on the basis of an arbitration clause in its contract with Olin[1] for an order staying the action against it pending arbitration.[2] It argues that the Act applies, that 9 U.S.C. § 3[3] and the arbitration clause require arbitration, and that it has not waived or defaulted on its right. In response, Olin concedes the validity of the clause and does not argue waiver, but argues that the stay should be denied because H & H is "virtually a 'person needed for adjudication'" within the meaning of Rule 19 of the Federal Rules of Civil Procedure ("Rules"), Third-Party Plaintiff's Memorandum at 5, and because one trial of all issues affecting all parties is the most expeditious way to handle this litigation. Olin further alludes to "attendant problems of res judicata and collateral estoppel" that would purportedly result from granting the stay. Third-Party Plaintiff's Supplemental Memorandum at 2.[4]

*Discussion*

The Court must first determine whether the Act is applicable. It applies only to

1. The contract, in pertinent part, provides:

Any controversey [sic] or claim, involving more than $500.00 arising out of or relating to this Contract or the breach thereof, shall be settled by arbitration according to the rules then obtaining of American Arbitration Association; and judgment on the award rendered may be entered in the highest court having jurisdiction.

Olin-H & H contract ¶ s, appended to Notice of Motion as Exhibit A.

2. Whether H & H is asking this Court to stay all proceedings in this suit against it, including the Tremco and Brisk cross-claims which grew from Olin's third-party complaint, or only Olin's claims against it is unclear. Because H & H has no arbitration agreements with Tremco and Brisk, the Court will stay only Olin's claims against H & H.

H & H has withdrawn its original demand that Olin commence the arbitration "forthwith" on the understanding that arbitration will commence at the conclusion of the trial on the non-arbitrable claims. Reply Affidavit of William Jarblum, sworn to May 30, 1978, at 2.

3. 9 U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

4. Olin's concerns about arbitration will disappear, of course, if Schulman's claims against it fail at the trial. In such a case, there would be no liability among Olin and its subcontractors to be resolved and, accordingly, no need for arbitration. If Schulman succeeds in its claims against Olin, only the question of H & H's liability to Olin will remain undecided after the trial; that question will not have been before the trier of fact.

Olin has failed to indicate what "attendant problems of res judicata and collateral estoppel" would follow from the latter scenario, and the Court declines to speculate.

contracts described in 9 U.S.C. §§ 1 and 2. *Bernhardt v. Polygraphic Co. of America,* 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *Varley v. Tarrytown Associates, Inc.,* 477 F.2d 208, 209 (2d Cir. 1973). Here the Act applies because the written agreement to arbitrate is clearly contained in a "contract evidencing a transaction involving commerce." 9 U.S.C. § 2. "Commerce" is defined to include "commerce among the several States." *Id.* § 1. The instant transaction involves work on New York buildings by Olin, a foreign corporation doing business in New York, and by the third-party defendant subcontractors. The contract between Olin and H & H provides further evidence of the interstate character of the transaction. It establishes an on going relationship that requires, *inter alia,* Olin's supervision of H & H's work performance, agreements as to insurance and Workmen's Compensation, indemnification, and, generally, compliance with Olin's instructions. See Olin-H & H contract, appended to Notice of Motion as Exhibit A.

Moreover, the third-party complaint by Olin against H & H is by the terms of the contract between the parties clearly referable to arbitration, and H & H is not in default. The Court, therefore, has no choice but to grant the stay. *C. Itoh & Co. (America) v. Jordan International Co.,* 552 F.2d 1228, 1231 (7th Cir. 1977) ("*Itoh*"); *Acevedo Maldonado v. PPG Industries, Inc.,* 514 F.2d 614, 616 (1st Cir. 1975); *see Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 400, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Miller v. Aaacon Auto Transport, Inc.,* 545 F.2d 1019 (5th Cir. 1977). Olin, however, argues first that the presence of H & H is necessary to this action. The Court need not address this contention because H & H will remain a party by virtue of the claims against it by Tremco and Brisk, with whom H & H has no arbitration agreements. Olin next argues that considerations of judicial economy and avoiding confusion and inconsistent results militate against ordering arbitration. The latter contention focuses on the Court's discretion under section 3 of the Act. However, it is foreclosed not only by *Itoh, supra, Acevedo Maldonado, supra,* and *Prima Paint Corp., supra* [5]—which found no such discretion [6]—but also by the plain language of the statute: "[T]he court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* . . . stay the trial of the action." Act, 9 U.S.C. § 3 (emphasis added).

The Court agrees with Olin that *Itoh* stands for the proposition "that a party plaintiff cannot avoid arbitration by suing two defendants, one of whom has a right to arbitration and one of whom does not." Olin's Memorandum at 3. But this Court cannot agree with Olin's assertion that the

**5.** *Prima Paint Corp.* held

> that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate. In so concluding, we not only honor the plain meaning of the statute but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.

> *Id.,* 388 U.S. at 404, 87 S.Ct. at 1806.

**6.** Two Second Circuit cases, *Bernhardt v. Polygraphic Co. of America, supra,* and *Almacenes Fernandez, S. A. v. Golodetz,* 148 F.2d 625 (2d Cir. 1945), appear at first blush to find greater district court discretion in denying the stay than is suggested in this decision. Upon closer examination, however, the discretion referred to appears to 'be that which inheres in the district court's determination whether 9 U.S.C. § 3 is applicable. In *Bernhardt,* the court decided that, "in the exercise of discretion," the stay should have been granted. *Bernhardt, supra,* 2 Cir., 235 F.2d 209 at 211. The precise question that had been before the district court on remand proceedings, however, was whether the contract involved interstate commerce—*i. e.,* whether § 3 applied—and not whether a stay could be denied once the section was found applicable.

The earlier decision also involved a question of the section's applicability. The court in *Golodetz* found discretion in determining whether a party to an arbitration agreement was in default in claiming rights under that agreement, *supra,* 148 F.2d at 627, a question not now sub judice. To the extent that either decision may be interpreted to suggest discretion once § 3 is found applicable, *i. e.,* a contract described in §§ 1 and 2 and the absence of waiver, this Court submits that they are no longer the law. *See Prima Paint Corp., supra.*

case stands for nothing more. In *Itoh*, the Seventh Circuit expressly addressed the question whether a district court has the discretion to deny a stay "on the ground that sound judicial administration requires resolution of the entire lawsuit in a single forum" where at least some issues are not referable to arbitration. *Id.*, 552 F.2d at 1231. The court concluded that

> [c]onsiderations of judicial economy bear no relation to "the making and performance of an agreement to arbitrate," and to permit a district court to deny a stay pending arbitration based on such discretionary considerations would, in our opinion, frustrate the strong federal policy in favor of arbitration which is expressed in the Federal Arbitration Act as interpreted by the Supreme Court.

*Id., quoting Prima Paint Corp., supra (see* note 5 *supra* ).[7]

Accordingly, H & H's motion for a stay of Olin's claims against it pending arbitration is granted.

So ordered.

---

**7.** Assuming arguendo that the Court had discretion to deny the motion even though the § 3 requirements were met, it would not do so here. The strong federal policy expressed in *Prima Paint Corp., supra, Acevedo Maldonado, supra,* and *Itoh, supra,* combined with H & H's legitimate expectation that the matter would be submitted to arbitration as its contract with Olin provides, is not outweighed by the alleged judicial inconvenience, delay, or confusion. Only Olin, if any party, is inconvenienced or prejudiced by a stay; the other claims in this action go forward to trial, and Olin, as a party to the arbitration agreement, should have anticipated the possibility of inconvenience. Furthermore, Olin will not be prejudiced in its defense at trial because discovery can proceed against H & H, which remains a party to the action at trial. *See, e. g.*, Rule 26(b)(1).