In the Matter of the Arbitration between
**NEPTUNE MARITIME, LTD.**, as
**Carriers, Petitioners,**

and

**H & J ISBRANDTSEN, LTD.**, as
**Merchants, Respondents.**

No. 83 Civ. 1429(MP).

United States District Court,
S.D. New York.

March 24, 1983.

Healy & Baillie, New York City, for petitioners by Raymond A. Connell.

Gilbride, Tusa, Mirone, Last & Spellane, New York City, for respondents by William P. Holm.

## MEMORANDUM

### MILTON POLLACK, District Judge.

#### Decision and Opinion

Neptune Maritime, Ltd. moves pursuant to 9 U.S.C. §§ 4, 5 and 206 for an Order compelling H & J Isbrandtsen, Ltd. to proceed to arbitration and appointing an arbitrator. For reasons stated below, this motion is granted.

*Summary of Events*

Neptune's claim against Isbrandtsen arises out of the shipment of petroleum processing machinery and equipment from Houston to the People's Republic of China aboard the M/V BARYON in April and May of 1982. Isbrandtsen chartered space aboard the vessel from Neptune and relet the space to Plains Overseas Group, Inc. During the voyage, according to Plains, the cargo sustained heavy damage. Possibly as a result of this claimed cargo damage, there was a delay in the delivery of the cargo. Thus, Neptune asserts claims against Isbrandtsen for demurrage in the amount of $30,281.25 in the arbitration proceeding.

Relying on Clause 16 of the typed rider to the Booking Note agreement *between Neptune and Isbrandtsen* which provides:

> Any disputes are to be settled by arbitration New York by shipping men according to rules of Society of Maritime Arbitration,

Neptune, on October 4, 1982, informed Isbrandtsen that it was demanding arbitration, appointing an arbitrator, and advising Isbrandtsen that if it did not appoint an arbitrator within 14 days then Neptune would apply to the Court for the appointment of an arbitrator on its behalf. On February 23, 1983, substantially more than 14 days after this notification was given by Neptune, Neptune petitioned this Court for the relief requested herein.

Between the time of Neptune's original demand for arbitration and the date that the petition was filed with this Court,

Plains filed a complaint in the United States District Court for the Southern District of Texas on or about January 21, 1983. In this complaint against various cargo underwriters, the shipowner *and Isbrandtsen,* Plains asserts claims for cargo damage totalling approximately 1.6 million dollars.

On March 14, 1983, Isbrandtsen filed a third party complaint against Neptune asserting that Neptune was liable to it for contribution and/or indemnification. Isbrandtsen also cross-claimed against the shipowner whom Isbrandtsen suggests may be affiliated with Neptune.

Isbrandtsen now asserts that this Court should not order arbitration regarding the demurrage claim as the arbitrable claims between Neptune and Isbrandtsen are intertwined with the non-arbitrable claims with the parties to the Texas litigation who were not parties to the agreement to arbitrate.

*An Order Compelling Arbitration is Proper*

Isbrandtsen's assertion that the relationship between the issues in dispute between it and Neptune and the issues in the Texas litigation should somehow bar Neptune's right to arbitration is wholly without merit. Last month, the United States Supreme Court, in *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* —— U.S. ——, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) rejected this argument by referring to a long line of established precedent. The Court stated:

> . . . the relevant federal law [the Arbitration Act] *requires* piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement. *Id.* at ——, 103 S.Ct. at 939.

*See also, C. Itoh & Co. v. Jordan International Co.,* 552 F.2d 1228, 1231–32 (7th Cir. 1977); *Acevedo Maldonado v. PPG Industries, Inc.,* 514 F.2d 614, 617 (1st Cir.1975); *Hamilton Life Insurance Co. v. Republic*

*National Life Insurance Co.,* 408 F.2d 606, 609 (2d Cir.1969).

Thus, as all disputes between the parties to the arbitration agreement that arise out of the shipping contract are to be resolved in arbitration, and as the issues in dispute clearly arose out of that shipping agreement, Neptune is entitled to an order compelling arbitration. Indeed, such an order is proper and equitable under all the circumstances as a consequence of the strong federal policy in favor of giving effect to agreements to arbitrate.

The cases that Isbrandtsen relies on for the theory that when non-arbitrable claims are intertwined with arbitrable ones it is proper to stay the arbitration are not apposite. All of the cases relied upon involve claims that are non-arbitrable as there is a countervailing policy that the subject matter of the agreement be resolved in court and not in arbitration. Thus, in *Dickinson v. Heinold Securities,* 661 F.2d 638 (7th Cir. 1981), the claims that were non-arbitrable had been rendered non-arbitrable as they were related to federal securities legislation. Nonetheless, despite Isbrandtsen's reliance on this case, the *Dickinson* Court held that it was proper to bifurcate the issues and compel arbitration.

*Appointment of an Arbitrator is Proper*

Clearly, the Court has power to appoint an arbitrator pursuant to 9 U.S.C. § 5. Isbrandtsen refused to comply with Neptune's proper demand for arbitration even before the litigation in Texas commenced. Isbrandtsen did not in its papers protest Neptune's request that the Court appoint an arbitrator but only responded regarding the propriety of arbitration.

Thus, the Court appoints Lee S. Richards, III, *Esq.* 40 Wall Street, New York, New York 10005. Telephone: 212–422–0101.

*Conclusion*

The motion to compel arbitration is granted. The Court emphasizes that it is not expressing any view on the merits of the issues in dispute or on the propriety of any stay of the Texas litigation in Texas pursuant to 9 U.S.C. § 3.

SO ORDERED.