**POWER CITY PARTNERS, L.P. (Zurich Insurance Company, as subrogee and Real Party In Interest), Plaintiff,**

v.

**ABB POWER GENERATION, INC. and Systron–Donner Corporation, Defendants and Third–Party Plaintiffs,**

v.

**NATIONAL ENERGY PRODUCTION CORPORATION, Third–Party Defendant.**

No. 94 CV–1443.

United States District Court,
N.D. New York.

Jan. 17, 1996.

Pollack & Greene, New York City (Kennard Goodman, of counsel), for third-party plaintiff ABB Power Generation, Inc.

Law Office of Michael G. Donnelly, Syracuse, NY (Michael G. Donnelly, of counsel), for third-party defendant.

**MEMORANDUM, DECISION, AND ORDER**

McAVOY, Chief Judge.

Plaintiff Power City Partners brought suit against defendants and third-party plaintiffs

Systron–Donner Corp. ("Systron") and ABB Power Generation, Inc. ("ABB") for damages resulting from a fire at plaintiff's Massena, New York plant (the "Plant"). ABB filed a third-party complaint against third-party defendant National Energy Production Corp. ("NEPCO"), seeking contribution and indemnification. NEPCO filed a motion pursuant to the Arbitration Act, 9 U.S.C. § 3, for an order staying the third-party action pending arbitration of ABB's claim against NEPCO.

## I. Background

NEPCO entered a contract with plaintiff to design and build plaintiff's Plant. (Aaron Aff. ¶ 14.) As part of this project, NEPCO entered into a subcontract with ABB pursuant to which ABB installed a gas turbine generator in plaintiff's Plant. (*Id.* at ¶ 15–16.) Plaintiff alleges that ABB designed, manufactured, and sold this generator. (Compl. ¶¶ 3, 8, 11.) On June 14, 1993, the fuel valve assembly on ABB's generator allegedly failed, causing a fire at the Plant. Plaintiff brought a tort action against ABB (for having installed an allegedly defective generator) and against Systron (for having installed an allegedly faulty fire suppression system that allowed the fire to spread). (*Id.* at ¶ 8.) ABB filed a third-party complaint against NEPCO, alleging that NEPCO's failure to provide an adequate fire protection system for the Plant increased the fire-related damages.

Citing the Arbitration Act, 9 U.S.C. § 3, and its contract with ABB, NEPCO seeks an order staying the third-party action pending arbitration. The Arbitration Act provides that

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3. Paragraph 21 of the NEPCO/ABB contract reads as follows:

RESOLUTION OF DISPUTES

Any controversy or claim arising out of or relating to this Contract shall be settled by arbitration, in accordance with the rules of the American Arbitration Association and judgment upon the award may be entered in any court having jurisdiction. The parties shall cooperate in providing reasonable disclosure of relevant documents. The exclusive venue and place of arbitration shall be in Seattle, Washington. Seller agrees to participate in and be bound by anything between Owner and Buyer which relates in any manner to the Equipment furnished by Seller. Each party shall bear its own expenses, and the costs and fees of the arbitration shall be borne as allocated by the Arbitrators.

(*Id.* Ex. E.) NEPCO argues that ABB's third-party complaint arises out of or is related to the NEPCO/ABB contract. ABB counters that the Court should deny NEPCO's motion because its third-party complaint against NEPCO neither arises out of nor is related to this contract.

## II. Discussion

NEPCO's argument is quite simple. According to it, ABB's third-party claim for contribution and indemnity arises out of or relates to the NEPCO/ABB contract because "the fire, the adequacy or inadequacy of the gas turbine itself, the fire protection system for the gas turbine and the overall fire protection system for the [Plant]" all arise out of or relate to that contract. (NEPCO Mem. at 2.) As legal support for its position, NEPCO cites *Maldonado v. PPG Industries, Inc.*, 514 F.2d 614 (1st Cir.1975), and *Schulman Investment Co. v. Olin Corp.*, 458 F.Supp. 186 (S.D.N.Y.1978), both of which the Court discusses below.

In opposition to the NEPCO's motion, ABB argues that its claim against NEPCO for contribution does not arise out of the NEPCO/ABB contract or the parties' performance of their contractual obligations to one another, but rather out of NEPCO's allegedly negligent performance of NEPCO's obligations under its primary contract with

plaintiff. (ABB Mem. at 3–4.) In other words, ABB contends that the key issue in the third-party action is whether NEPCO breached its duty to plaintiff to provide an adequate fire protection system at the Plant, which is completely unrelated to the issue of whether ABB performed its obligations under the subcontract with NEPCO. (*Id.* at 5.) Indeed, ABB adds, it would have a claim for contribution against NEPCO even if the NEPCO/ABB subcontract had never existed and ABB had installed the generator as one of plaintiff's primary contractors.

*Maldonado v. PPG Industries, Inc.*, 514 F.2d 614 (1st Cir.1975) lends some support to plaintiff's position, but is ultimately distinguishable on its facts. In that case, residents of a Puerto Rican town brought a negligence action against the defendant, the operator of a plant from which chlorine gas leaked, causing injuries to the plaintiffs. The defendant filed a third-party complaint against Fluor, the designer and builder of the plant, seeking contribution for any damage award against the defendant. Fluor moved for a stay of the third-party action pending arbitration. According to Fluor, PPG's third party claim was subject to arbitration because the PPG/Fluor design and construction contracts provided for arbitration of "any controversy or claim arising out of or relating to this Agreement or the breach thereof" (*Id.* at 615–16), and the third-party claim for contribution arose out of or related to the PPG/Fluor contract.

Reversing the district court's denial of a stay, the First Circuit held that the question of how to effectuate a division of damages between the defendant and Fluor was substantially likely to arise out of or relate to the PPG/Fluor contracts. The court noted that even though PPG's claim was for contribution, "Fluor's liability, if any, arises because it was PPG's contractor and designer" and that "[a]bsent the contract, there would be no occasion for a third-party claim." *Id.* at 616. Because the contracts "established and defined PPG's and Fluor's relationship," the Court reasoned, "[n]o assessment of the ultimate burden between PPG and Fluor can realistically be made without reference to the contracts." (*Id.* at 617.)

The *Maldonado* court's broad reading of an arbitration clause similar to the "arising out of or relating to this Contract" language in the NEPCO/ABB contract inclines the Court towards granting a stay, even though the arbitrator would of course remain free to determine the extent to which ABB's claims and NEPCO's defenses fall within the scope of the contractual arbitration provision. *See Maldonado*, 514 F.2d at 617. However, the factual distinctions between *Maldonado* and this case push the Court in the opposite direction. In *Maldonado*, the court found that a fact-finder would be unable to determine the third-party plaintiff's and the third-party defendant's relative degrees of fault without reference to their contract. By contrast, the degree to which ABB and NEPCO were at fault is unrelated to any provisions in their contract—even the fact that they were in contractual privity is irrelevant to the issue of how to apportion damages between them. Whereas the *Maldonado* court found that the third-party defendant's liability arose from its design and construction contract with the third-party plaintiff, NEPCO's liability, if any, arises from its design and construction contract with *plaintiff*. If ABB had installed the generator pursuant to a primary contract with plaintiff, and had never entered a subcontract with NEPCO, it would still have a valid third-party claim for contribution against NEPCO. Unlike *Maldonado*, ABB's third-party claim arises out of or relates to the NEPCO/ABB subcontract only in the very general sense that if ABB had not installed the allegedly malfunctioning generator at plaintiff's Plant—which it just happened to have installed pursuant to a contract with NEPCO—then perhaps the fire and ensuing litigation, including ABB's third-party complaint, would not have occurred.

The other case upon which NEPCO relies, *Schulman Investment Co. v. Olin Corp.*, 458 F.Supp. 186 (S.D.N.Y.1978), is also distinguishable. In *Schulman*, the plaintiff brought suit against Olin for breach of contract, breach of warranty, and negligence in connection with the construction of glass curtain walls. Olin filed third-party complaints against three of its subcontractors. Citing an arbitration clause in its contract with the defendant, H & H, one of the third-party defendants, moved for an order staying the action against it pending arbitration. The court granted the stay.

The first distinction to note is that in *Schulman*, the primary contractor brought a third-party claim against a subcontractor, whereas in the case at bar, a subcontractor seeks contribution from a primary contractor. More importantly, Olin's claims against his subcontractors concerned their performance of their obligations under the subcontracts. Specifically, the contract between Olin and H & H concerned Olin's supervision of H & H's work performance, indemnification, and general compliance with Olin's instructions. (*Id.* at 188.) Olin's position seemed to be that if he failed to perform his duties under the primary contract, his failure was at least in part attributable to H & H's failure to perform its obligations under the subcontract. In contrast, ABB's third-party complaint for contribution is unrelated to ABB's and NEPCO's performance or nonperformance of their obligations under NEPCO/ABB subcontract. Whether ABB is at fault with respect to the allegedly defective generator has nothing to do with whether NEPCO is at fault with respect to its fire protection system.

## III. Conclusion

The Court is unpersuaded that ABB's third-party claim against NEPCO arises out of or is related to the NEPCO/ABB subcontract. Therefore, the issue involved in the third-party complaint is not referable to arbitration under the terms of the ABB/NEPCO contract. Under these circumstances, the Arbitration Act leaves the Court free to deny NEPCO's request for a stay. **IT IS HEREBY ORDERED.**

That third-party defendant NEPCO's motion for an order staying the third-party action pending arbitration is DENIED.

**IT IS SO ORDERED.**