## CIRCUIT COURT OF FAIRFAX COUNTY

Wang Government Services, Inc.

v.

PRC, Inc.

November 25, 1998

Case No. (Chancery) 156133

BY JUDGE MARCUS D. WILLIAMS

This letter is in response to Wang Government Services, Inc.'s, Motion for Reconsideration of the Court's September 19, 1998, granting of PRC, Inc.'s, Plea in Bar.

### *Background*

PRC, Inc., subcontracted with Wang Government Services, Inc., to accomplish the terms of a PRC government contract. Under the terms of the contract between Wang and PRC ("the Contract"), Wang provided key staff to PRC as consultants. Article 21 of the Contract prohibited both parties from "actively recruit[ing] or otherwise induc[ing]" employees of the other party to work for them. Article 22 of the Contract provided that disputes between the parties "arising under" the contract would be referred to alternative dispute resolution if private negotiations failed. Separately, Wang's staff signed Employee Agreements with Wang stating that they "shall not, directly or indirectly ... discuss" or "accept employment with ... any customer."

Wang has alleged that several of Wang's key employees were encouraged by PRC to resign from Wang and to accept jobs with PRC. Wang filed a Bill of Complaint for Temporary and Permanent Injunction and for Damages alleging: (I) Breach of Contract; (II) Tortious Interference with Contract

(common law); and (III) Civil Conspiracy to Injure (Va. Code §§ 18.2-499 and 18.2-500).

On August 8, 1998, the Court denied Wang's motion for temporary injunction. Subsequently, PRC filed a Plea in Bar asserting that the Contract's arbitration clause precluded legal action on all three counts. On September 19, 1998, the Court granted PRC's Plea in Bar and referred the disputes to arbitration. On Wang's Motion, the Court agreed to reconsider that ruling.

The question presented is whether the phrase "arising under" encompasses the statutory and common law claims brought by Wang. If said claims arise under the Contract, then they must be referred to arbitration pursuant to Article 22 of the Contract. The breach of contract claim clearly "arises under" the Contract and thus will not be considered. For reasons stated herein, the Court denies Wang's Motion for Reconsideration as to both Count II and Count III.

### Discussion

Courts look to the agreement of the parties to determine whether a dispute between them is arbitrable. "A party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *A. T. & T. Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986). Here, the language of the Contract indicates what Wang and PRC agreed to arbitrate.

Wang asserts that the language of an agreement must expressly refer statutory and common law claims to arbitration. *Waterfront Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B and C,* 251 Va. 417, 468 S.E.2d 894 (1996); *Rudolph v. Alamo Rent A Car, Inc.,* 952 F. Supp. 311 (E.D. Va. 1997), and concludes that the Contract did not expressly do so. However, Wang focuses solely on the arbitration clause, Article 22, and concludes that the Contract does not expressly refer those claims to arbitration. Wang further asserts that because Article 22 uses narrow language, common law and statutory claims cannot "arise under" the Contract.[1] The Court finds that looking solely to the arbitration clause is inconclusive because it ignores

---

[1] The language used in Article 22, "arising under," is considered narrower than the language recommended by the American Arbitration Association (AAA) "arising out of or relating to." *See, e.g., McMullen v. Union Land & Mgmt. Co,* 242 Va. 337, 410 S.E.2d 636 (1991); *International Talent Group, Inc. v. Copyright Mgmt., Inc.,* 629 F. Supp. 587 (S.D. N.Y. 1986); *Mediterranean Enterprises v. Sangyong* 708 F.2d 1458 (9th Cir. 1983). However, the breadth of the AAA recommended language is dispositive only when the conduct at issue is not otherwise contemplated by the parties' agreement; in such instances, a broad clause may bring tangential, or "related," disputes within the arbitration clause.

the fact that Virginia Courts look to the language of the *entire* agreement to determine the parties' intent. *See generally Westmoreland-LG&E Partners v. VEPCO*, 254 Va. 1, 11 (1997); *Hooper v. Musolino*, 234 Va. 558, 569, *cert. denied*, 488 U.S. 823 (1988). Accordingly, the Court must look not only to Article 22 but also to Article 21, which prohibits the parties from "actively recruit[ing] or otherwise induc[ing]" the other's employees. Because of this express language, violations of Article 21 clearly "arise under" the Contract and would be submitted to arbitration. Thus, the question for the Court is whether the language of Article 21 is broad enough to also encompass statutory and common law claims arising from conduct which would constitute an Article 21 violation. If it is, then those claims also "arise under" the Contract and must be submitted to arbitration.

Article 21 of the Contract, which is entitled "Hiring of Employees," provides that:

> Except as otherwise agreed in writing during the period that this Subcontract is in effect, including any extensions thereto, Subcontractor and PRC shall not actively recruit or otherwise induce the other party's employees assigned in connection with the effort hereunder to accept a position with the other party.

The parties intended, by Article 21, to prevent one another from raiding the other's employees. The common law and statutory claims brought by Wang allege that such raiding occurred. Wang asserts that the common law and statutory claims "seek to enforce rights *arising only under* totally different contracts," the Employment Agreements between Wang and its employees, and thus do not "arise under" the Contract between Wang and PRC. Complainant's Motion for Reconsideration, p. 3. However, while the conduct alleged would certainly violate those Employment Agreements, it would also violate Article 21 of the Contract. Wang relies on *Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144 (1995), and *McMullin v. Union Land & Mgmt. Co.*, 242 Va. 337 (1991), for the proposition that claims which can be resolved without referring to the subject contract do not "arise under" that contract. In neither of those cases, however, was the conduct at issue in the claim contemplated by the parties' agreement. In *Asbury Methodist*, a quantum meruit claim was excluded from the arbitrator's authority because it related to an unexecuted agreement which was *not* part of the subject contract. In comparison, *McMullin* sent to arbitration a claim for compensation when that claim could only be resolved by referring to the parties' agreement. However, the claim in *McMullen* was found to

"relate" to the agreement only because a clause of the agreement would need to be consulted, not because the agreement contemplated the claim. In the instant case, the conduct at issue in the statutory and common law claims was contemplated by the Contract between Wang and PRC.

Additionally, "a party cannot avoid an agreement to arbitrate by labeling a breach of contract claim as a tort claim." *See TAC Travel Am. Corp. v. World Airways, Inc.*, 443 F. Supp. 825, 828 (S.D. N.Y. 1978) (citing *Altshul Stern & Co. v. Mitsui Bussan Kaisha, Ltd.*, 385 F.2d 158, 159 (2d Cir. 1967)). The *TAC Travel* court referred to arbitration a common law claim for slander, finding that the dispute arose out of a contract that contained a broad clause stating that World Airways, Inc., would incur "no liability of any nature" regarding flight delays. The court held that "any nature" encompassed liability for tort and for breach of contract. *Id.* at 827. Admittedly, the "recruit or otherwise induce" language of Article 21 does not contain the breadth of the "liability of any nature" language in the *TAC Travel* case; however, Article 21 contemplates the conduct at issue in Wang's statutory and common law claims, indicating that the parties intended disputes arising from such conduct to be submitted to arbitration.

Wang compares the instant case to *Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union*, 359 F.2d 598 (2d Cir. 1966), which was distinguished by the *TAC Travel* court. However, the *Old Dutch Farms* court declined to submit a claim to arbitration when that claim related *solely* to a contract that did not contain an arbitration clause. The instant case is not factually similar to *Old Dutch Farms* and thus does not alter the Court's reading of *TAC Travel*.

## Conclusion

The conduct comprising Wang's common law and statutory claims was contemplated by Article 21 of the Contract. By Article 21, Wang and PRC expressly agreed to arbitrate disputes stemming from that conduct. Accordingly, the Motion for Reconsideration is denied, and the statutory and common law claims brought by Wang against PRC shall be referred to arbitration.