**PAR–KNIT MILLS, INC., Appellant,**

v.

**STOCKBRIDGE FABRICS COMPANY, LTD., Appellee.**

**No. 80–1589.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 7, 1980.

Decided Dec. 30, 1980.

Stuart, Murphy, Smith, Mussina, Harris & Rieders, Williamsport, Pa., for appellant; Clifford A. Rieders and Burk Bishop (argued), Williamsport, Pa., on brief.

Nogi, O'Malley & Harris, P. C., Scranton, Pa., for appellee; Paul A. Barrett (argued), Scranton, Pa., on brief.

Before HUNTER and GARTH, Circuit Judges, and SAROKIN, District Judge.*

### OPINION OF THE COURT

SAROKIN, District Judge:

Par-Knit Mills, Inc. ("Par-Knit") appeals from an order of the district court staying federal court proceedings pending the completion of arbitration. The question presented on this appeal is whether the district court was correct in concluding that Par-Knit, as a matter of law, had entered into a written agreement to arbitrate disputes arising out of its contract with Stockbridge Fabrics Company, Ltd. ("Stockbridge").

### I. FACTS

Par-Knit, a manufacturer of garments, entered into a series of oral contracts to purchase textiles of varying styles, colors, types and quantities from Stockbridge, a distributor and supplier of such goods. Sometime after the oral contracts were made and before the goods were delivered, Stockbridge sent to Par-Knit documents bearing the term "Contract". On the front of each document in the lower right corner was a space designated for signature entitled "Buyer's Acceptance". To the immediate left of this space appeared the following language: "See provisions on reverse side which are an integral part of this contract." Across the top of the reverse side of each document was the caption "Terms and Con-

---

* Hon. H. Lee Sarokin, United States District Judge for the District of New Jersey, sitting by designation.

ditions of Sale", under which appeared twenty-two paragraphs. The second paragraph was entitled "Arbitration" and clearly stated, albeit in small print, that any claim arising out of the contract or the merchandise covered thereby shall be submitted to and determined by arbitration.[1]

Par-Knit admits that it received the documents. According to the affidavit of Lawrence Pollack, Par-Knit's highest ranking official at its Mifflinburg plant, the documents upon reception were routinely routed from Mr. Pollack to the plant's production manager. The production manager signed each document in the space labeled "Buyer's Acceptance", and then returned the documents to Stockbridge. Par-Knit asserts that its production manager signed the documents as confirmation only of the delivery dates contained therein, and that Par-Knit never intended to bind itself to the clauses contained in the confirmations.

When a dispute arose concerning the quality of the merchandise delivered, the timeliness of delivery, and payment, Stockbridge served a demand for arbitration upon Par-Knit before the General Arbitration Council of the Textile Industry in New York City. Par-Knit, in turn, filed a complaint in federal district court seeking a stay of arbitration in addition to damages for breach of contract.[2] Stockbridge thereupon filed a motion to dismiss and a request for a stay[3] together with a notice pursuant to 9 U.S.C. § 4 to compel arbitration. Par-Knit filed a motion to stay arbitration.

1. The paragraph, in pertinent part, reads:

"2. ARBITRATION: Any controversy or claim arising out of or relating to this contract or any modification thereof, or the merchandise covered thereby, shall be submitted to and determined and settled by arbitration in the City of New York, State of New York, in accordance with the law of the State of New York and under the Rules then obtaining of the American Arbitration Association or the General Arbitration Council of the Textile Industry, as the party first referring the matter to arbitration shall elect. The parties hereto consent to the jurisdiction of the Supreme Court of the State of New York or the United States District Court for the Southern District Court of New York for all purposes . . ."

The district court, based upon affidavits, determined to stay the proceedings pending the completion of arbitration and ordered the parties to proceed therewith.[4] Par-Knit appeals from said order, which is a final order under 28 U.S.C. § 1291.[5] *Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 782 (3d Cir. 1975); *Rogers v. Schering Corp.*, 262 F.2d 180 (3d Cir.), *cert. denied sub nom. Hexagon Laboratories, Inc. v. Rogers*, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959); *New England Power Co. v. Asiatic Petroleum Corp.*, 456 F.2d 183 (1st Cir. 1972).

## II. *DISCUSSION*

The sole question presented by this appeal is whether Par-Knit has a duty to arbitrate its dispute with Stockbridge. Because the parties agree that there had been no prior oral discussions or agreements regarding arbitration, Par-Knit's duty to arbitrate, if any, rests upon a determination as to whether or not the documents in issue were intended by Par-Knit to be contracts.[6] Par-Knit asserts that the documents were merely confirmations of the delivery dates and were reviewed and executed as such, as evidenced by the fact that they were signed by the production manager. Thus, Par-Knit claims that there was never a "meeting of the minds" on the terms and conditions contained in the confirmations and that absent such agreement, there can be no duty to arbitrate.

2. Par-Knit's complaint also sought damages for breach of warranty and misrepresentation.

3. Stockbridge's motion for a stay pending arbitration was brought pursuant to 9 U.S.C. § 3 (1970).

4. The court also denied Par-Knit's motion to stay arbitration and made no express ruling on Stockbridge's motion to dismiss.

5. After a Notice of Appeal was filed, Par-Knit filed an application with this court to enjoin the arbitration. This application was denied as was a motion for reconsideration.

6. Stockbridge has not argued that Par-Knit should be bound by the arbitration provision in the confirmation even if it did not expressly

Arbitration is a matter of contract between the parties and a judicial mandate to arbitrate must be predicated upon an agreement to that effect. *Georgia Power Co. v. Cimarron Coal Corp.*, 526 F.2d 101, 106 (6th Cir. 1975), *cert. denied*, 425 U.S. 952, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976); *United Steelworkers of America v. Crane Co.*, 456 F.Supp. 385 (W.D.Pa.1978). The federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (1970), which permits enforcement of a contractual undertaking to arbitrate, provides that a court should not order arbitration unless it is "satisfied that the making of the agreement for arbitration ... is not in issue." *Id.* § 4. In the event that the making of the arbitration agreement is in issue, then "the court shall proceed summarily to the trial" of that issue. *Id.* § 4; *Aberle Hosiery Co. v. American Arbitration Association*, 337 F.Supp. 90, 93 (E.D.Pa.), *appeal dismissed*, 461 F.2d 1005 (3d Cir. 1972). Moreover, the party who is contesting the making of the agreement has the right to have the issue presented to a jury.[7]

Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express,

unequivocal agreement to that effect.[8] If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.[9]

In reviewing the affidavits submitted to it, the trial court was correct in concluding that it should accept as true the allegations contained in the affidavit of Mr. Pollock. Notwithstanding the factual contention contained therein that no contract was intended, the court determined as a matter of law that a contract to arbitrate was created when Par-Knit's production manager signed the form provided by Stockbridge.

The mere execution of a document, however, even assuming that it is executed by a corporate agent, does not negate the factual assertion that such signature was

accept the terms therein. For that reason, it is assumed for purposes of this appeal that an agreement to arbitrate is a material term of a contract and must be accepted in order to be incorporated therein. U.C.C. § 2–207; *See Supak & Sons Manufacturing Co. v. Pervel Industries, Inc.*, 593 F.2d 135 (4th Cir. 1979); *Marlene Industries Corp. v. Carnac Textile Co.*, 45 N.Y.2d 327, 408 N.Y.S.2d 410, 380 N.E.2d 239 (1978).

7. *Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1970), reads:*

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal

to perform the same be in issue, the court shall proceed summarily to the trial thereof.... Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure ... "

8. Indeed, the Arbitration Act requires that an agreement to arbitrate be in writing if it is to be enforceable. 9 U.S.C. § 2 (1970).

9. This standard is quickly recognized as the standard used by district courts in resolving summary judgment motions pursuant to Fed.R. Civ.P. 56(c). *See Harold Friedman Inc. v. Thorofare Markets, Inc.*, 587 F.2d 127, 131 (3d Cir. 1978). Application of that standard to the issue presented herein is appropriate inasmuch as the district court's order to arbitrate is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.

not intended to represent a contractual undertaking. As one moves down the spectrum from the seat of corporate power to menial employees, the likelihood that the signature of such employee is intended to bind the corporation is reduced. Par-Knit contends that the confirmations were submitted to its production manager for confirmation of delivery dates only, and that the limited purpose for which the documents were signed is evidenced by the fact that a signature was affixed by the production manager rather than a corporate officer. Implicit in that contention, although not specifically raised below, is the assertion that the production manager had limited authority and would not ordinarily be the company agent to execute contracts on behalf of the corporation. If the production manager did not have the actual or apparent authority to execute the contract, the corporation cannot be bound, no matter how clearly the document was labeled.

■ The court recognizes that its determination in this matter may run contrary to the general policy of encouraging the arbitration of disputes. A party may, in an effort to avoid arbitration, contend that it did not intend to enter into the agreement which contained an arbitration clause. A naked assertion, however, by a party to a contract that it did not intend to be bound by the terms thereof is insufficient to place in issue "the making of the arbitration agreement" for the purposes of Section 4 of the Federal Arbitration Act. An unequivocal denial that the agreement had been made, accompanied by supporting affidavits, however, in most cases should be sufficient to require a jury determination on whether there had in fact been a "meeting of the minds." *Interocean Shipping Co. v. National Shipping & Trading Corp.*, 462 F.2d 673 (2d Cir. 1972).

■ Having supported the threshold issue by sworn affidavit, Par-Knit is entitled to a trial to determine whether or not an agreement was reached and, if so, whether said agreement properly included an agreement to arbitrate. It may well be that after hearing evidence, a jury may determine that the production manager was authorized to enter into such contract on behalf of Par-Knit and that the form of each confirmation was such that its execution constituted an agreement between the parties. Likewise, a jury may disbelieve the contention of Par-Knit that the execution of each document was for the limited purpose asserted. Under the circumstances of this case, however, it is for a jury and not the court to make said determination.

Accordingly, the district court's order staying the court action is vacated and the matter is remanded for further proceedings in accordance with this opinion.