**Arnold KRELL**

v.

**GRUNTAL & COMPANY.**

**Civ. A. No. 86–5353.**

United States District Court,
E.D. Pennsylvania.

Oct. 31, 1986.

---

G. Alexander Bochetto, Philadelphia, Pa., for plaintiff.

Aaron Jay Beyer, Philadelphia, Pa., Naomi Siegel, Gruntal & Co., New York City, for defendant Gruntal & Co.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Defendant has moved to compel arbitration of this dispute about whether plaintiff's terms of employment by defendant as a stockbroker included certain disability benefits which would cover the consequences of a stroke which he suffered.

Plaintiff's Complaint attaches a Memorandum of Agreement dated March 11, 1982 dealing with the terms of employment which obliquely refers to arbitration:

"If any part of the Agreement shall be found in any arbitration proceeding to be invalid or ineffective, the validity ... of the remaining parts ... shall not be affected."

The Agreement also contains an integration clause.

Defendant's Motion attaches an application for employment dated February 24, 1982 which contains a somewhat unclear arbitration clause:

"I agree to arbitrate any dispute ... that may arise between me and my firm ... that is required to be arbitrated under the rules ... of the organizations with which I register, *as indicated in Question 8.* (emphasis added)

Application for Employment, p. 4 (emphasis added).

There is no Question 8 on the application form submitted to the Court. While defendant attributes this to poor reproduction, it admits that its own copy of the form is of "equally poor reproduction." The inferences to be drawn from other people's forms are less than clear.

The rules of the New York Stock Exchange with which plaintiff registered provide:

"Any controversy between a registered representative and any member or member organization arising out of the employment ... of such registered representative by or with such member ... shall be settled by arbitration ..."

New York Stock Exchange Guide, Rule 347.

The state of the law is that compelling arbitration is appropriate "(o)nly when there is no genuine issue of fact concerning the formation of the agreement ..." *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 (3d Cir.1980). The ambiguity from reading the application for employment in the record of this case and the employment contract with its oblique reference to arbitration and its integration clause requires a finder of fact to determine whether the parties did indeed agree to arbitrate disputes such as this. *Ferreri v. First Options of Chicago, Inc.,* 623 F.Supp. 427, 434 (E.D.Pa.1985). *See also First State Underwriters Agency v. Travelers Insurance Company,* 803 F.2d 1308 (3d Cir.1986).

ORDER

AND NOW, this 31st day of October, 1986, after consideration of the Motion to Compel Arbitration and plaintiff's response, it is ORDERED:

1. The Motion is DENIED.

2. Discovery on this issue shall be completed by December 1, 1986.

3. The pretrial conference shall be held on December 16, 1986 at 4:30 P.M.

4. The case shall be placed in my trial pool on December 17, 1986.