**CENTURY STEEL ERECTORS, INC., Plaintiff,**

v.

**The AETNA CASUALTY & SURETY COMPANY, Defendant Third–Party Plaintiff,**

v.

**MAHONING VALLEY RIGGERS & ERECTORS, INC., Third–Party Defendant Fourth–Party Plaintiff,**

v.

**Tony FILIPPI and Steel Detailing Services, Inc., Fourth–Party Defendants.**

Civ. A. No. 89–1027.

United States District Court, W.D. Pennsylvania.

Nov. 29, 1990.

Anthony Cillo and Richard R. Nelson, II, Pittsburgh, Pa., for plaintiffs.

Edward L. Russakoff, Bernard D. Marcus, Pittsburgh, Pa., and Thomas E. Schubert, Warren, Ohio, for defendants.

## MEMORANDUM OPINION

LEE, District Judge.

On July 27, 1990, Fourth–Party Defendants, Tony Filippi (Filippi) and Steel Detailing Services, Inc. (SDS) filed a motion to sever Mahoning Valley Riggers & Erectors, Inc.'s (Mahoning) claim against them and to stay the action, contending that the dispute between the parties is subject to arbitration before the American Arbitration Association.

Mahoning, as subcontractor on the construction of the Common Facilities Building of the University of Pittsburgh—Greensburg Campus, hired and agreed to pay plaintiff, Century Steel Erectors, Inc. (Century) for the erection of the structural steel on the project. Century alleges that it finished the work and additional work as required, but had not been paid in full.

After Mahoning was joined in the action as a Third–Party Defendant, Mahoning filed a Fourth–Party Complaint alleging that Filippi and SDS were responsible for $22,661.67 in backcharges claimed by Century, as a result of Filippi and SDS rendering negligent steel detailing services.

■ Filippi and SDS have denied liability and assert that the American Arbitration Association has exclusive jurisdiction over Mahoning's claim against them.

The Federal Arbitration Act (Act), 9 U.S.C. § 1 et seq., represents a strong federal policy in favor of arbitration. The Supreme Court recognized and reaffirmed that policy in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987):

> The Arbitration Act thus establishes a "federal policy favoring arbitration," *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), requiring that we "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1243, 84 L.Ed.2d 158 (1985).

■ On a motion to stay a proceeding in favor of arbitration, the first task of the court is to determine whether the parties actually agreed to arbitrate the dispute. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985); *Brown v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 664 F.Supp. 969, 971 (E.D.Pa. 1987). This analysis is required because "arbitration is a matter of contract, and a party cannot be forced to arbitrate something which he did not agree to." *Hussey Metal Division v. Lectromelt Furnace Division*, 471 F.2d 556, 557 (3d Cir.1972).

Therefore, before Mahoning can be ordered to arbitrate and be deprived of its day in court, there should be an express, unequivocal agreement to that effect.[1] Filippi and SDS contend that during negotiations with Mahoning, they submitted to Mahoning a copy of the National Institute of Steel Detailing policy (Policy) with regard to "Backcharging." Such Policy contains a written arbitration provision which states:

> Any dispute between the independent detailing firm and its customers with regard to the justification or amount of backcharges shall be resolved by arbitration before the American Arbitration Association according to its rules then obtaining.[2]

The affidavit of Tony Filippi, President of SDS, maintains that a copy of such Policy was provided to T.J. Rhattigan (Rhattigan), authorized representative of Mahoning, and that prior to entering into the agreement Filippi indicated to Rhattigan that the Policy would be part of the agreement.

The original proposal from SDS for work performed did not reference in any way, nor did it incorporate, the arbitration of backcharges as contained in the National Institute of Steel Detailing policy. The affidavit submitted by T.J. Rhattigan, who was the operations manager of Mahoning, denies that he was ever given a copy of the

---

**1.** The Arbitration Act, 9 U.S.C. § 2, requires that an agreement to arbitrate be in writing if it is to be enforceable.

**2.** See Exhibit "A" of Answer and Counterclaim of Fourth–Party Defendant.

Policy regarding the arbitration of backcharges.

Rhattigan further denies that Filippi indicated any intention that the Policy would be a part of the agreement. Following SDS's proposal, Mahoning issued a purchase order to SDS which contained all the terms and conditions of the agreement. The purchase order makes no reference to the arbitration of backcharges nor the incorporation of the National Institute of Steel Detailing policy.

The Federal Arbitration Act provides that a court shall direct the parties to proceed to arbitration "upon being satisfied that the making of the agreement for arbitration ... is not in issue." 9 U.S.C. § 4; *Par–Knit Mills v. Stockbridge Fabrics*, 636 F.2d 51 (3d Cir.1980). If there is doubt as to whether an express, unequivocal agreement to arbitrate exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. *Par–Knit Mills v. Stockbridge Fabrics*, 636 F.2d at 54.

When considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, the district court should give to the opposing party the benefit of all reasonable doubts and inferences that may arise. *Id.*

The absence of an express indication by Mahoning that it had agreed to arbitrate matters regarding backcharges prohibits this court from compelling arbitration. The motion of Filippi and SDS to sever and to stay the claim pending arbitration shall be denied.