**AUDIO VIDEO CENTER, INC.,**

v.

**FIRST UNION NAT'L BANK, et al.**

**No. CIV. A. 99–4222.**

United States District Court,
E.D. Pennsylvania.

Feb. 11, 2000.

Timothy M. Kolman, Marc E. Weinstein, Timothy M. Kolman and Assoc., Langhorne, PA, for plaintiff.

Clare Ann Fitzgerald, Duane, Morris and Heckscher, Philadelphia, PA, for defendants.

## MEMORANDUM

BARTLE, District Judge.

Plaintiff Audio Video Center ("Audio Video") brings this diversity action against defendants First Union National Bank and NOVA Information Systems (collectively "defendants") alleging breach of contract, fraud, violation of civil rights, and other state law claims. Before the court is defendants' motion to compel arbitration and to dismiss Counts V (intentional interference with contractual relations) and VI (deprivation of civil rights) of plaintiff's first amended complaint.

Arbitration is a matter of contract. It is for the court, and not the arbitrator, to decide if the parties agreed to arbitrate the claims in dispute. *AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (citations omitted); *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir.1980). Under the Federal Arbitration Act, "if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Of course, if there is no genuine issue of material fact, giving the non-moving party "the benefit of all reasonable doubts and inferences that may arise," the court may decide the issue of arbitrability without a trial. *Par–Knit Mills*, 636 F.2d at 54.

In support of their motion to compel arbitration, defendants rely on the written contract between the parties, which admittedly contains an arbitration clause. Audio Video argues in opposition that the contract is the product of fraud in the execution which vitiates the arbitration provision.

In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the Supreme Court had before it the question whether it was the arbitrator or the court that should decide if the plaintiff had been induced by fraud to enter into a contract containing an arbitration clause. The Supreme Court held that the role of the courts was a limited one:

> If the claim is fraud in the inducement of the arbitration clause itself-an issue which goes to the "making" of the agreement to arbitrate-the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally.

*Id.* at 403–04, 87 S.Ct. 1801.

■ Thus, where fraud in the inducement is at issue, we must defer to the arbitrator except where the alleged fraud was directed specifically to the arbitration clause itself, rather than generally to the contract of which the arbitration clause is merely a part. When it is alleged that the object of the fraud is the arbitration clause, the court will decide the issue because it goes to the heart of whether the parties agreed to arbitrate.

■ The Supreme Court in *Prima Paint,* however, did not speak on the question whether the court's role is similarly limited where the fraud is in connection with the execution of the contract. " '[F]raud in the execution' arises when a party executes an agreement 'with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms.' " *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 490 (3d Cir.1994) (quoting *Southwest Admin'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 774 (9th Cir. 1986) (other citations and internal quotation marks omitted)). The law traditionally has distinguished between fraud in the inducement which makes a contract voidable and fraud in the execution of the contract which negates its very existence. If no contract is made, there of course can be no contract to arbitrate. The question of whether the parties made a contract to arbitrate is for the court to determine. Consequently, when a party contends that fraud in the execution of the contract occurred, the court must consider the circumstances surrounding the making of the putative contract as a whole and not simply the arbitration provision. *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 999–1000 (11th Cir.1986); *Dougherty v. Mieczkowski*, 661 F.Supp. 267, 274–75 (D.Del.1987); *see also, Par-Knit Mills*, 636 F.2d at 54–55.

In order to be able to resolve whether the parties here made a contract, we directed the parties to conduct limited discovery on the issue of fraud. The evidence, taken in the light most favorable to Audio Video, is as follows. On July 30, 1997, Marc Kadoch ("Kadoch"), an officer and authorized agent of Audio Video, signed an "Application for Merchant Bank Card Services." The Application, which is the front side of a sheet of paper folded vertically,[1] incorporated by reference the Merchant Processing Agreement ("Agreement") in which defendants agreed to provide Audio Video with certain services in connection with credit card purchases at Audio Video's store. The Agreement is printed on both sides of the interior of the folded paper. The Application contains handwritten insertions of the basic information about Audio Video and its business. It also includes rate information[2] and a

1. When folded, it is 8 1/2" × 11" and when open it is 17" × 11".

2. The section entitled "Rate Information" contains the instruction, "Merchant must ini-

printed warranty provision which states in relevant part:

> Each undersigned owner/officer of merchant represent[s] and warrant[s] that he/she has read and understands the Merchant Processing Agreement, accepts and agrees to abide by all the terms of such Merchant Processing Agreement, accepts and agrees to abide by all the terms of such Merchant Processing Agreement (including and without limitation, the provisions of Section 32, enclosed herein by reference).

The arbitration clause, which is paragraph 25 of the Agreement, reads:

> *Arbitration.* Any and all claims, demands, disputes, or controversies of every kind or nature between the parties hereto arising out of or related to this Agreement, as to the existence, applicability, construction, validity, interpretation, performance or non-performance, enforcement, operation, or breach thereof, which is not otherwise settled by agreement of the parties, shall be submitted to, determined and decided by arbitration, held in Atlanta, Georgia in accordance with the rules of the American Arbitration Association.

Kadoch initialed the rate information and signed the Application, incorporating the Agreement. The parties agree, however, that Kadoch did not read the terms on the inside, which included the arbitration clause of the Agreement.

■ Audio Video does not assert that Kadoch's signature is a forgery. *See Gregory v. Interstate/Johnson Lane Corp.,* 188 F.3d 501, 1999 WL 674765, at *9 (4th Cir.1999). On the contrary, it concedes that Kadoch knowingly signed and initialed the document on the front. Kadoch's signature is located directly below the warranty provision acknowledging that he "has read and understands the Merchant Processing Agreement and accepts and agrees to abide by all ... [its] terms, ...

including Section 32 enclosed herein by reference." Although this language does not explicitly tell the reader that the Agreement can be found inside, a cursory inspection reveals that Section 32, a personal guarantee, is not located on the page being executed. Kadoch, an experienced businessman who had signed similar contracts in the past, simply choose not to look for Section 32 or other paragraphs of the Agreement. Kadoch admits that Charles Ernst, the defendants' representative, did not prevent him from picking up the Agreement, opening it, and reading the entire contract. Instead, Kadoch "just signed it." Plaintiff's claim that Kadoch felt rushed by Ernst and signed the Agreement in haste does not create fraud with respect to the execution of the Agreement or its arbitration clause, especially in light of the fact that Kadoch could have examined the terms and conditions of the Agreement if he had chosen to do so. In sum, the record is devoid of evidence that defendants made any material misrepresentation or engaged in any acts of deceit with respect to the contract in general or the arbitration clause in particular.

Section 4 of the Federal Arbitration Act allows for a jury trial to determine the existence of fraud if the making of the arbitration agreement "be in issue" and if the "party in default" requests one. 9 U.S.C. § 4. In this case, no genuine issue of material fact exists. No reasonable juror could find that defendants committed fraud in the execution of the instant contract. Thus, we have no need to conduct a jury trial on this issue. We hold, as a matter of law, that neither the Agreement nor the arbitration clause was the subject of fraud in the execution and that therefore the arbitration provision in the Agreement is valid.

■ Defendants also move to dismiss plaintiff's claims of intentional interference with contractual relations (Count V) and deprivation of civil rights under 42 U.S.C.

---

tial this section." Kardoch's initials can be found following the statement, "I have re-

viewed the fees and surcharges disclosed on the enclosed pricing sheet."

§ 1981 (Count VI) for failure to state claims upon which relief can be granted. Audio Video, in its first amended complaint, clearly ties these two claims to the alleged breach of contract. These claims, along with the remainder of plaintiff's causes of action, fall within the scope of the Agreement's broad arbitration clause and are for the arbitrator to resolve. *See Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 182–83 (3d Cir.1998); *see generally AT & T Tech.*, 475 U.S. at 649–51, 106 S.Ct. 1415.

Accordingly, defendants' motion to compel arbitration will be granted as to all claims, and defendants' motion to dismiss Counts V and VI will be denied. We will stay this action pending arbitration of plaintiff's claims in accordance with the terms of the Agreement. *See* 9 U.S.C. § 3.

### ORDER

AND NOW, this ___ day of February, 2000, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendants to compel arbitration is GRANTED. The parties are directed to proceed to arbitration in accordance with the terms of their July 30, 1997 Agreement;

(2) the motion of defendants to dismiss Counts V and VI of plaintiff's first amended complaint is DENIED; and

(3) this action is STAYED pending completion of the arbitration.