# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3188
No. 00-1566

_____

| | | |
|---|---|---|
| Medtronic, Inc., a Minnesota corporation, | * * * | |
| Appellee, | * * | |
| v. | * * * | Appeals from the United States District Court for the District of Minnesota. |
| Advanced Cardiovascular Systems, Inc., a California corporation; Guidant Corporation, an Indiana corporation, | * * * * | [UNPUBLISHED] |
| Appellants. | * * | |

_____

Submitted: May 11, 2000

Filed: May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and HENDREN,* District Judge.

_____

PER CURIAM.

Advanced Cardiovascular Systems, Inc. (ACS) appeals the district court's denial of its motion to stay a lawsuit against ACS by Medtronic, Inc. (Medtronic) pending

_____

*The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

arbitration between ACS and Medtronic, Inc's wholly-owned subsidiary, Medtronic-AVE (Med-AVE).  We affirm.

Medtronic filed a patent infringement suit against ACS in November 1997.  In April 1998, ACS entered a settlement agreement (ACS-Bard agreement) in an unrelated infringement dispute with C.R. Bard, which contained a covenant that Bard and its affiliates would not sue ACS and its affiliates "for any and all debts, claims, demands, and liabilities, . . . based . . . on any and all of ACS's and its Affiliates past and current domestic and foreign angioplasty catheters including stent delivery catheters" and a clause requiring arbitration of any disputes under the ACS-Bard agreement.  When Bard sold its coronary catheter lab business to Arterial Vascular Engineering, Inc. (AVE) in October 1998, AVE expressly accepted assignment of the ACS-Bard agreement.  A few months later, Medtronic formed a wholly-owned subsidiary, which then merged with AVE.  As the successor of AVE, Med-AVE is now the holder of the original ACS-Bard agreement and admits responsibility for obligations under that agreement.  ACS contends the parent-subsidiary relationship between Medtronic and Med-AVE binds Medtronic to the original ACS-Bard agreement and on that basis ACS asked the court to stay Medtronic's lawsuit so the parties could arbitrate.  The district court refused.

On appeal, ACS first claims the district court erroneously failed to hold a trial on the issue of whether Medtronic is bound by the ACS-Bard agreement.  We disagree.  Contrary to ACS's view, Medtronic is the only party entitled to demand a jury trial.  See 9 U.S.C. § 4 (if no jury trial demanded by party alleged to be in default, court shall hear and determine issue); Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).  Because ACS has created no genuine issue of fact concerning its theories for holding Medtronic bound, the district court properly decided the issue without a trial, see Par-Knit Mills, Inc., 636 F.2d at 54; Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir. 1993).

ACS next offers three theories it claims bind Medtronic to the ACS-Bard agreement: 1) Medtronic is an affiliate under the express language of the agreement; 2) Medtronic is the alter-ego of Med-AVE; and 3) Medtronic is a third-party beneficiary receiving direct benefits under the agreement. We conclude Medtronic is not bound under any of these theories. The express language of the ACS-Bard agreement says "Bard and its Affiliates covenant not to sue ACS and its Affiliates," defining Affiliate as "any corporation . . . which, now or hereafter, directly or indirectly owns, is owned by or is under common ownership of a party." Because Medtronic does not own Bard, is not owned by Bard, and is not under the common ownership of Bard or ACS, Medtronic is not bound by the express language of the agreement. See Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995) (ordinary contract principles applied to determine if a party is bound to arbitrate). The alter-ego and third-party beneficiary theories fail for the reasons stated in the district court's thorough opinion. Having concluded that Medtronic is not bound by the ACS-Bard agreement, we affirm the district court's denial of ACS's motion to stay. See 8th Cir. R. 47B.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-