NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1348 and 22-1349
_____

MANUEL ROMAN; JIQUELLE KINNARD; ANTHONY HAYWARD

v.

PRINCE TELECOM LLC; COMCAST CORP; COMCAST CABLE
COMMUNICATIONS MANAGEMENT LLC,

PRINCE TELECOM LLC,
                                   Appellant in 22-1348

COMCAST CORP; COMCAST CABLE COMMUNICATIONS MANAGEMENT
LLC,
                                   Appellants in 22-1349
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-21-cv-00693)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2023

Before:  JORDAN, PHIPPS and ROTH, *Circuit Judges*

(Filed May 2, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Manuel Roman, Jiquelle Kinnard, and Anthony Hayward, the Appellees, worked as cable installation technicians for Prince Telecom and Comcast.[1]  They filed a collective and class action complaint against their employers, alleging violations of the Fair Labor Standards Act and various state laws.  Pointing to an arbitration agreement in the Appellees' employment contracts, Prince Telecom and Comcast each filed a motion to compel arbitration and to dismiss or stay the suit.  The District Court denied their motions without prejudice, ordered the parties to engage in limited discovery concerning the validity and enforceability of the arbitration agreements, and granted Prince Telecom and Comcast leave to file a renewed motion to compel arbitration to be considered under the summary judgment standard.  Prince Telecom and Comcast have appealed that ruling. Because the Appellees have presented sufficient facts contesting the validity and enforceability of the arbitration agreements, we will affirm.

I.     **BACKGROUND**

The Appellees filed their collective and class action complaint in April 2021, alleging that Prince Telecom pressured cable installation technicians to underreport the amount of hours worked, altered wage-calculation codes that the cable technicians submitted so that lower pay rates applied, deducted meal periods from their hours worked even when technicians did not take lunch breaks, required technicians to incur significant

_____

[1] Comcast Corp. and Comcast Cable Communications Management LLC are referred to collectively as "Comcast."

expenses in the course of their work that reduced their minimum and overtime wages, and failed to maintain proper time records of completed work.[2]  Based on those allegations, the complaint asserts eight claims – a claim for a violation of the Fair Labor Standards Act, five claims for violations of various Pennsylvania and Massachusetts wage and hour laws, and two claims for unjust enrichment – against Prince Telecom and Comcast.  In addition to the three named plaintiffs, eight Opt-In Plaintiffs filed consent forms with the court to join the lawsuit.

Prince Telecom and Comcast each separately filed motions to compel arbitration and to dismiss or stay the Appellees' claims.  Along with its motion, Prince Telecom submitted a sworn declaration by its Director of Human Resources, Anitha Verghese.  That declaration asserts that "[b]eginning in late 2018, Prince implemented an Arbitration Agreement for all new and current employees[,]" (App. at 76), and that the Appellees, like all newly hired technicians, signed a standard arbitration agreement using one of two computer applications, UltiPro or DocuSign, during the course of their employment.[3]

---

[2] Those allegations are levied against Prince Telecom, but Comcast is an alleged joint employer in the complaint.  Both Prince Telecom and Comcast deny that Comcast is a "joint employer."  Because the issue now before us concerns the arbitrability of the dispute, not the accuracy of the allegations, it is sufficient for our purposes that the Appellees asserted their claims against Comcast on a joint employment theory.

[3] It is undisputed that the arbitration agreements cover all of Appellees' claims. Comcast's motion to compel also rests on the same arbitration agreements.

Verghese also provided copies of several executed arbitration agreements. [4]

In opposition to the motions to compel arbitration, Appellee Roman and six Opt-In Plaintiffs who were purportedly presented with the arbitration agreement via UltiPro all submitted sworn declarations stating that they were "never presented with" a screen displaying the agreement and their alleged signature, and they "never clicked on any [Click-to-Sign] icon" nor "interact[ed] with the Agreement in any other way." (App. at 347-48, 352-53, 357-58, 362-63, 367-68, 372-73, 377-78.) They also alleged that they were never provided a copy of the agreement, and they did "not recall signing the Agreement" that Prince Telecom produced. (App. at 346, 351, 356, 361, 366, 371, 376.) Appellee Hayward and one Opt-In Plaintiff who were purportedly presented with the arbitration agreement via DocuSign made similar statements in their sworn declarations. Those sworn declarations were also supported by the new hire packets that Prince Telecom sends to its technicians. The packets contain 21 onboarding documents, but the arbitration agreement is not included or mentioned. Additionally, the Appellees demonstrated that Prince Telecom was inconsistent in describing how its employees accepted the arbitration agreement: Verghese states that an employee "is able to electronically execute the form by selecting an icon stating 'Click to Sign[,]'" (App. at 78), but that icon does not appear in the arbitration agreement itself.

---

[4] Prince Telecom's and Comcast's motions may not apply to Appellee Kinnard and one Opt-In Plaintiff because, the Appellees assert, they were not employed at the time Prince Telecom offered the arbitration agreement to its employees.

The District Court denied Prince Telecom's and Comcast's motions without prejudice, allowed the parties to engage in limited discovery concerning the validity and enforceability of the arbitration agreements, and granted Prince Telecom and Comcast leave to file a renewed motion to compel arbitration to be considered under the standard applicable at summary judgment. The District Court observed "that none of the complaint's factual allegations allude to an arbitration agreement, nor does the complaint rely on an arbitration agreement to state a claim, and ... the plaintiffs have responded to the motions to compel with additional facts regarding the validity and enforceability of the arbitration agreements[.]" (App. at 8-9.) Following our decision in *Guidotti v. Legal Helpers Debt Resolution LLC*, 716 F.3d 764, 774 (3d Cir. 2013), which directs district courts to allow limited discovery concerning the validity of an arbitration agreement and use a summary judgment standard to assess a renewed motion to compel arbitration when the opposing party presents reliable evidence that it did not intend to be bound by the arbitration agreement, the District Court "conclud[ed] that limited discovery is warranted in this matter to decide the validity and enforceability of Prince Telecom's arbitration agreements[.]" (App. at 9.) Prince Telecom and Comcast timely appealed, and their appeals were consolidated.

## II.  DISCUSSION[5]

Prince Telecom and Comcast argue that the District Court erred when it denied

---

[5] The District Court had federal question jurisdiction under 28 U.S.C. § 1331 over Appellees' Fair Labor Standards Act claim, 29 U.S.C. §§ 203, *et seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over Appellees' state law claims. Jurisdiction to decide Appellants' motions to compel arbitration exists under the Federal Arbitration

their motions to compel arbitration because "the district court should ... defer ruling on the motion *only* where the non-moving party unequivocally denies entering into the arbitration agreement" and "Appellees did not unequivocally deny entering into the [arbitration] agreements or submit admissible evidence sufficient to place the agreements in issue." (Opening Br. at 3-4.) Prince Telecom and Comcast also argue that "[e]ven if" the District Court's decision to consider their motions under a summary judgment standard is correct, discovery is unnecessary because "Appellees failed to show the existence of any genuine dispute as to any material fact regarding the making of the arbitration agreement."[6] (Opening Br. at 5.) We first consider which standard, a motion-to-dismiss or summary judgment standard, applies.

Because "[a]rbitration is a matter of contract between the parties[,] ... a judicial

---

Act. 9 U.S.C. § 4. We exercise appellate jurisdiction pursuant to 9 U.S.C. § 16(a)(1). *See Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 227-28 (3d Cir. 2012) (discussing that courts of appeals have jurisdiction to review a district court order denying a motion to compel arbitration even if the motion was denied without prejudice). "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate[.]" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013) (internal quotation marks omitted). "Nevertheless, to the extent that the district court predicated its decision on findings of fact, our standard of review is whether those findings were clearly erroneous." *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 53 (3d Cir. 2001).

[6] Prince Telecom and Comcast also ask us to resolve whether the arbitration agreement is unconscionable, whether Comcast can enforce the agreement as a third-party beneficiary, and whether plaintiff Anthony Hayward is an exempt transportation worker under the Federal Arbitration Act. As the District Court's opinion did not address those arguments, we decline to consider them here. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

mandate to arbitrate must be predicated upon an agreement to that effect." *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,* 636 F.2d 51, 54 (3d Cir. 1980). The Federal Arbitration Act mandates that courts "make an order directing the parties to proceed to arbitration" but only "upon being satisfied that the making of the agreement for arbitration ... is not in issue[.]" 9 U.S.C. § 4. We have held that, when reviewing a motion to compel arbitration, we must first decide whether to apply a motion to dismiss standard or a summary judgment standard. *Guidotti*, 716 F.3d at 772 ("Answering [what standard applies] is of utmost importance because the two standards differ in significant ways.") Our test for determining which standard applies is described in *Guidotti*:

> [W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.' But *if the complaint and its supporting documents are unclear regarding the agreement to arbitrate*, or *if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue*, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'

*Id.* at 776 (internal citations omitted) (emphasis added).

The District Court correctly concluded that the present motion to compel arbitration should be decided under the summary judgment standard because "none of the complaint's factual allegations allude to an arbitration agreement, nor does the complaint rely on an arbitration agreement to state a claim[.]"[7] (App. at 8.) Appellees also denied

---

[7] Prince Telecom and Comcast ask us to hold that, even when the complaint does not reference the arbitration agreement, a motion to compel arbitration should be decided on a Rule 12(b)(6) standard when "the defendant supports its motion to compel arbitration with a sworn declaration and an authenticated copy of the arbitration

consenting to arbitrate and demonstrated facts sufficient to place the agreements to arbitrate in issue. The Court determined that "limited discovery is warranted" (App. at 9) to decide the motion in light of the Appellees' sworn declarations "denying they consented to the arbitration agreements" (App. at 7) and their "additional facts" (App. at 8) disputing the formation of the agreements. Namely, the Appellees pointed out that the arbitration agreements are remarkably absent in the 21 documents contained in the new hire packets that Prince Telecom sends to its technicians, and that the "click-to-sign" button described by Prince Telecom's Director of Human Resources does not appear in the agreement itself. Those findings are not clearly erroneous.

But, respond Prince Telecom and Comcast, the "Appellees never denied (much less 'unequivocally') that they agreed to the terms of Prince's Arbitration Agreement." (Opening Br. at 15.) (emphasis removed.) As those two parties see it, the technicians' statements that they "do not recall signing the Agreement[,]" (App. at 346, 351, 356, 361, 366, 371, 376, 381) are not denials that they agreed to arbitrate. Prince Telecom and Comcast also argue that the evidence the Appellees presented is insufficient to place the arbitration agreements in issue. Those arguments, however, do not fairly characterize the declarations, which explicitly state that the technicians were never presented with a screen containing the agreement, that they never clicked on any icon to sign the

---

agreement with the plaintiff and ... the plaintiff's response does not include both an unequivocal denial and evidence sufficient to place the agreement in issue[.]" (Opening Br. at 13.) Our decision in *Guidotti* is clear and conflicts with that position, and we are not at liberty to reconsider our precedent, nor would we even if we could. *Guidotti* remains persuasive.

8

agreement, and that they were never provided a copy of the agreement. The declarations also state that the agreement itself was absent from the new hire packet, and that the supposed "click-to-sign" icon is absent from the digital version of the agreement.

Those declarations are at least as persuasive as the proof in *Guidotti* that we held was sufficient to trigger the summary judgment standard. In *Guidotti*, the plaintiff argued that, despite her signed acknowledgment of an arbitration agreement, the agreement was never given to her, and she was unaware of its existence until the agreement was mailed to her three weeks later. 716 F.3d at 777. In support of her assertions, she presented evidence that the documents provided to her had a specific heading and that the agreement with the arbitration provision lacked such a heading. *Id.* We first noted that Guidotti "ha[d] not produced any affidavits to support her claim" and, had she done so, "we could more easily find that she had come forward with enough evidence to move beyond the pleadings and trigger the application of the summary judgment standard to determine whether there was a meeting of the minds on the agreement to arbitrate." *Id.* at 778-79. Even without affidavits, however, the evidence concerning the discrepancies in document headings was enough for us to say that the summary judgment standard should apply. *Id.* at 779. Here, the Appellees presented sworn statements in support of their claims and also demonstrated discrepancies in how the arbitration agreements were supposedly signed. The District Court was thus correct, in light of *Guidotti*, to conclude that the summary judgment standard was applicable to the motions to compel arbitration.

We turn next to whether the District Court committed an error by ordering limited discovery into the validity and enforceability of the arbitration agreements. Prince

9

Telecom and Comcast argue that discovery is unnecessary because the "Appellees did not even *request* permission to take discovery ... [or] attempt to show ... that they were unable to present their opposition to [their] motions without first conducting discovery." (Opening Br. at 30.) Although discovery was not requested, the Appellees presented sufficient proof that a genuine issue of material fact exists regarding the formation of an agreement to arbitrate – including how the agreement's "click-to-sign" icon was presented to the cable technicians. The District Court was well within its discretion in ordering limited discovery.

III. CONCLUSION

For the foregoing reasons, we will affirm.